# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISISION
### www.flsb.uscourts.gov

IN RE:

                                         **Case No. 08-19642-RBR**
                                         **Chapter 13**

    **PETER D. LETTERESE,**

    **Debtor.**

_____/

## CHURCH OF SCIENTOLOGY INTERNATIONAL AND BRIDGE PUBLICATIONS, INC.'S BRIEF IN SUPPORT OF MOTION TO CONVERT CASE TO CHAPTER 7 PROCEEDING
### (Hearing Scheduled for September 15, 2008 at 1:30 p.m.)

CHURCH OF SCIENTOLOGY INTERNATIONAL, ("CSI") and BRIDGE PUBLICATIONS, INC. ("BPI") (collectively "Movants"), by and through their counsel, hereby file this Brief in Support of their Motion to Convert the Case to Chapter 7 (the "Motion to Convert") [D.E. #17]. Based on the inherent abuse and alleged bad faith as well as the ability of judgment creditors to obtain relief by way of an Involuntary Petition under Chapter 7, Movants object to the requested dismissal, request conversion and in support thereof, provide the following:

### A. **REQUEST TO DISMISS IS SUBJECT TO A MOTION TO CONVERT**

1.      The Debtor's right to voluntarily dismiss a Chapter 13 case under § 1307(b) is subject to or conditioned by another party's right to seek conversion pursuant to § 1307(c). *See In re Campbell*, 2007 WL 4553596, \*1 at \*2 (Bankr. N.D.W. Va. Dec. 18, 2007). This view is based upon the statutory language in § 1307(c) and § 1307(b), which when read together, cannot create a debtor's absolute right to dismiss under § 1307(b), but rather makes it conditional pursuant to § 1307(c), which gives a party in interest a right to request a conversion of the case.

*See* 11 U.S.C. §§ 1307(b) and (c); *see also In re Campbell*, 2007 WL 4553596 at \*2; *In re Patton*, 209 B.R. 98, 100 (Bankr. E.D. Tenn. 1997).

      2.     In taking the view that the debtor's right to a voluntary dismissal of a Chapter 13 case is conditional based on a creditor's right to request a conversion to Chapter 7 pursuant to § 1307(c), the Court of Appeals for the Eighth Circuit in *Molitor v. Eidson (In re Molitor)*, 76 F.3d 218 (8th Cir. 1996), reasoned that: (1) the broad purpose of the Bankruptcy Code is best served by interpreting § 1307(c) to allow a court to convert a case to Chapter 7 upon a showing of fraud; (2) a court must look to the overall purpose and design of a statute as a whole, rather than viewing one subsection in isolation; and (3) allowing an absolute right of dismissal under § 1307(b) renders § 1307(c) moot and opens up the bankruptcy court to a myriad of potential abuses. *Id.* at 220. In essence, the Eighth Circuit's opinion in *Molitor* restricts a chapter 13 debtor's right to voluntary dismissal and allows conversion of the case for cause in order to prevent abuse of the bankruptcy system by in effect, weighing the merits of both motions. *Id.*; *see also, In re Neiman*, 257 B.R. 105, 108 (Bankr. S.D. Fla. 2001). Accordingly, the courts that follow this rationale hold that § 1307(c) curtails a chapter 13 debtor's right to voluntary dismiss where evidence exists of debtor's improper conduct or fraud. *See In re Jacobsen*, 378 B.R. 805, 811 (Bankr. E.D. Tex. 2007); *see also, In re Crowell*, 292 B.R. 541, 543 (Bankr. E.D. Tex. 2002); *In re Molitor*, 76 F.3d at 220 (8th Cir. 1996); *Graven v. Fink (In re Graven)*, 936 F.2d 378, 385 (8th Cir. 1991); *In re Harper-Elder*, 184 B.R. 403, 404-05 (Bankr. D.D.C. 1995); *In re Gaudet*, 132 B.R. 670, 675-76 (D.R.I. 1991).

      3.     Other rationale used by courts in support of the conclusion that a debtor's right to dismissal under § 1307(b) is conditioned by § 1307(c) are: (1) that § 1307(b) requires a debtor to "request" dismissal, indicating the legislative intent to empower the court with the authority to

grant or deny the request – as compared with § 1307(a) which provides a debtor with the absolute right to convert a chapter 13 case to a chapter 7, and contains no similar requirement that the conversion be "requested"; (2) Fed. R. Bankr. P. 1017(f) provides that in cases of conversion, the conversion is effective without court order as soon as debtor files the notice – no similar Rule is applicable when debtor seeks to dismiss a chapter 13 case under § 1307(b); (3) § 105(a) allows a court to issue orders to prevent an abuse of process so that the court need not be a legal playground for bad faith debtors; and (4) conversions under § 1307(c) need not be consensual, whereas allowing a debtor an absolute right to dismiss a case under § 1307(b) would effectively make conversions under § 1307(c) a consensual process. *See In re Campbell*, 2007 WL 4553596 at*3; *citing In re Gaudet*, 132 B.R. at 674-75 ("The Bankruptcy Court need not allow itself to be used 'as a legal play-ground or revolving door, [for] filing and dismissing cases at will so as to delay, frustrate and harass legitimate creditor interests.'… [C]onsent of the debtor is not required for conversion."); *In re Fonke*, 310 B.R. 809, 814 (Bankr. S.D. Tex. 2004) (a debtor cannot "request" a dismissal when the "request" is in bad faith); *In re Crowell*, 292 B.R. 541, 543 (Bankr. E.D. Tex. 2002) ("A notice is not proper means of dismissing a Chapter 13 case.").

## Because The Debtor Must "Request" Dismissal, The Court Has The Ability, Discretion And Right To Convert for Cause

4.      As discussed herein, a number of courts have focused on the requirement of § 1307(b) that the debtor "request" dismissal of his or her case as conclusive authority that dismissal is not mandatory under the Code. *See, e.g., In re Graven*, 936 F.2d at 386; *In re Fonke*, 310 B.R. at 814; *In re Tatsis*, 72 B.R. 908, 910 (Bankr. W.D.N.C. 1987). In addition to the meaning inherent in the word "request," courts point to § 1307(a), *In re Fonke*, 310 B.R. at 814, *In re Graven*, 936 F.2d at 386, and Federal Rule of Bankruptcy Procedure 1017(f)(2) and

(3), as evidence that the debtor does not have an absolute right under section 1307(b) to dismiss a case. The argument based on these provisions is that section 1307(b) and Rule 1017(f)(2), unlike section 1307(a) and its counterpart, Rule 1017(f)(3), <u>require</u> court action for dismissal. Thus, while conversion may occur automatically upon giving notice by the debtor under 1307(a), dismissal under 1307(b) *requires* the filing of a motion and further court action, which further supports the suggestion that the court has discretion whether to grant the requested relief in a motion for dismissal, but not in a debtor's motion to convert.

**Motion to Convert is Timely Filed and May Be**
**<u>Considered in Conjunction with the Debtor's Motion Dismiss</u>**

5.      In *In re Campbell*, the debtor had filed his motion to voluntarily dismiss his Chapter 13 proceeding, and in response, one of the creditors filed an objection and a motion to convert the case to a chapter 7. *In re Campbell*, 2007 WL 4553596, at *1. The bankruptcy court concluded that it was proper upon a debtor's motion for voluntary dismissal under § 1307(b) that the court issue a notice to all interested parties and provide an opportunity for creditors to respond and *conduct a hearing on any competing motions* before the court enters its order. *Id.* at *6.

6.      Accordingly, pursuant to *Campbell*, even a motion to convert which is filed subsequent to a debtor's motion to voluntarily dismiss is considered timely and the Court should conduct a hearing in order to determine the merits of the competing motions. *See In re Campbell, supra.*

**B.  <u>COURT'S AUTHORITY TO CONVERT CASE</u>**

**11 U.S.C. § 1307(c)**

7.      Section 1307(c) provides that "on request of a party in interest . . . the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case . . .

whichever is in the best interests of creditors and the estate, for cause . . ." 11 U.S.C. § 1307(c).
"[I]n all cases involving statutory construction, our starting point must be the language employed
by Congress and we assume that the legislative purpose is expressed by the ordinary meaning of
the words used." *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct 1534, 71
L.Ed.2d 748 (1982). Moreover, "[a] statute should be construed so that none of its terms are
redundant and should be read to avoid internal inconsistency." *In re Jacobsen*, 378 B.R. 805,
809-10 (Bankr. E.D. Tex. 2007); *see also, Crist v. Crist (In re Crist)*, 632 F.2d 1226, 1233 n. 11
(5th Cir. 1980) (courts should give effect, whenever possible, "to all parts of a statute and avoid
an interpretation which makes a part redundant or superfluous.").

8.      The statutory language of § 1307(c), on its face, supports a conclusion that a
debtor's ability to dismiss a case under subsection (b) does not preclude a conversion of the case
under subsection (c). *In re Jacobsen*, 378 B.R. at 810. Section 1307(c) provides that a motion to
dismiss under that section may be granted "except as provided in subsection (e) of this section"
and nothing in the language of subsection (c) requires that court to deny a motion to convert
simply because a debtor has filed a competing motion to dismiss under subsection (b). *See* 11
U.S.C. § 1307(c). "[I]n order for subsection (b) to "trump" subsection (c) as a matter of statutory
interpretation, the Court would be required to alter the statutory language of subsection (c) to
read "except as provided in subsections (b) and (e) of this section." *In re Jacobsen*, 378 B.R. at
810.

### Prohibition Against Involuntary Servitude is Not Applicable in this Case

9.      In determining the statutory construction, the Court must also give effect to the
legislative intent. In this case, the purpose of §1307(a) – (b) of the Bankruptcy Code is to ensure
that the long-term repayment of debt through wages in a Chapter 13 proceeding is "voluntary."

*See* H.R.Rep. No. 595, 95th Cong., 1st Sess., at 120 (1977) (discussing the need for voluntariness in the context of the prohibition against involuntary servitude found in the thirteenth amendment and other policy considerations). However, a statutory shield against involuntary servitude is not a shield against the conversion of a case from Chapter 13 to Chapter 7 since debtors in a Chapter 7 are <u>not</u> required to pay any future wages to creditors, but rather, non-exempt and unencumbered assets are liquidated and the proceeds distributed to creditors. *See In re Jacobsen*, 378 B.R. at 810.

10.    Thus, the conversion of this case to a liquidation proceeding under Chapter 7 of the Bankruptcy Code does not violate the prohibition of involuntary servitude, and the court is not required to limit the application of subsection (c) in order to effectuate the purpose of § 1307(a) – (b).

<u>**Court's Authority to Convert Under 11 U.S.C. § 105(a)**</u>

11.    Section 105(a) of the Bankruptcy Code specifically "authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code." *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986). The court's authority under § 105(a) is to be interpreted liberally, and although that "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under the applicable law," *Sutton*, 786 F.2d at 1308, neither would an approach be justified which effectively writes § 105(a) out of the Code. *In re Jacobsen*, 378 B.R. at 810. Thus, § 105(a) "authorizes bankruptcy courts to further the substantive provisions of the Code," *In re Southmark Corp.*, 49 F.3d 1111, 1116 (5th Cir. 1995), which include any action that is necessary or appropriate to prevent an abuse of process and sanction abusive litigation practices. *Marrama v. Citizens Bank of Massachusetts*, -- U.S. --, 127 S.Ct. 1105, 1112, 166 L.Ed.2d 956 (2007).

## C. DEBTOR'S MISCONDUCT and INHERENT BAD FAITH COMPEL CONVERSION

12.     The courts that support the rationale that limit a debtor's ability to dismiss under §
1307(b) cite the need for protecting the court, the process and the creditors against a dishonest
debtor. *See In re Molitor*, 76 F.3d at 221; *In re Fonke*, 310 B.R. at 813. Indeed, if a dishonest
debtor can head off an effort at conversion under § 1307(c) through the use of § 1307(b), the
result will be abuse of the system. *See Molitor*, 76 F.3d at 221 ("[Debtor's] actions constitute a
clear abuse of the legal process set forth in the [Code] to aid and assist honest debtors."); *In re
Foster*, 121 B.R. 961, 961 (N.D. Tex. 1990) (construing section 1208(b) in stating that "[w]hen
the facts show that the debtors have abused the legal process and the bankruptcy process through
fraud, the bankruptcy court has the authority to convert a … proceeding …, even through the
debtors have filed a motion to dismiss …."); *In re Fonke*, 310 B.R. at 813 ("The concern … is
that an absolute right to dismiss in fact of allegations of fraud and bad faith will encourage abuse
of the bankruptcy system."); *In re Johnson*, 228 B.R. 663, 668 (Bankr. N.D. Ill. 1999) ("Debtor
has been shown to have filed in bad faith and abused the Bankruptcy Code, thus warranting
conversion to Chapter 7 instead of dismissal.").

13.     The legislative intent in enacting § 1307 was for Congress to give "honest but
unfortunate debtor[s]," *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755
(1991), "the chance to repay their debts should they acquire the means to do so." *Marrama*, 127
S.Ct. at 1107. In this case, however, the Debtor has been far from honest and forthright, as
discussed in great detail in the Motion to Convert [D.E. 17].

14.     The favored view among courts that interpret the statute so as to avoid internal
inconsistencies, is to read the subsections of § 1307 together and then rule on the merits of the
competing motions. *See In re Jacobsen*, 378 B.R. at 811; *In re Gaudet*, 132 B.R. 670 (D.R.I.

1991); *In re Molitor*, 76 F.3d at 220. These courts reason that Congress did not intend to give the debtor unfettered power to prevent conversion by simply filing a motion to dismiss whenever conversion is requested. *See eg., In re Gaudet, supra*; *In re Johnson*, 228 B.R. 663 (Bankr. N.D. Ill. 1999); *In re Vieweg*, 80 B.R. 838 (Bankr. E.D. Mich. 1987); *In re Powers*, 48 B.R. 120 (Bankr. M.D. La. 1985).

15.    The district courts in the Fifth and Eighth Circuit have determined that § 1307(b) and (c) should be read together in an attempt to harmonize the subsections and implement the purpose of the bankruptcy code as a whole. *Molitor*, 76 F.3d at 220 (8th Cir. 1996); *In re Foster*, 945 F.2d 400 (5th Cir. 1991), *aff'g In re Foster*, 121 B.R. 961 (N.D. Tex 1990); *In re Cobb*, No. 99-3193, 2000 WL 17840 (Bankr. E.D. La. 2000); *In re Jacobsen*, 378 B.R. 805 (Bankr. E.D. Tex. 2007); *In re Fonke*, 310 B.R. at 809; *In re Crowell*; 292 B.R. 541 (Bankr. E.D. Tex. 2002). The district courts in the Fifth Circuit that have considered section 1208(b) or section 1307(b) have concluded that the bankruptcy court has discretion to decline to dismiss a case upon request by the debtor if a motion to convert is also presented to the court. See *In re Foster*, 121 B.R. at 961; *In re Cobb*, 2000 WL 17840, at *3; *In re Jacobsen*, 378 B.R. at 811. This Court should similarly adopt the views expressed in the Fifth and Eight Circuits which concluded that the Court has the authority under § 105 of the Bankruptcy Code to exercise its inherent powers to decide to convert Debtor's Chapter 13 case to a Chapter 7 proceeding.

16.    Indeed, in *Molitor*, the Eighth Circuit looked to the "purpose and design of the statute as a whole rather than viewing one subsection in isolation." *Molitor*, 76 F.3d at 220. *Molitor* and other decisions that weigh the merits of competing creditor motions to convert against debtor motions to dismiss under § 1307, are clearly motivated by a desire to prevent debtors from abusing the system for the purpose of delaying and defrauding creditors. *Id.* at 220.

17.     Clearly, in the instant case the record contains ample evidence of the Debtor's bad faith, as reflected in the Motion to Convert.  Under the circumstances, cause exists to convert the Debtor's case under § 1307(c) of the Code.  Moreover, conversion, not dismissal, is in the best interest of the Debtor's creditors and mandated by the Code (including Section 105), based on the precedent established by two Circuit Courts which have addressed the issue – *Molitor* (8th Cir. 1996) and *Foster* (5th Cir. 1991).  Lastly, it is significant to note that the concern set forth by the Court in *In re: Neiman*, 257 B.R. 105 (Bankr. S.D. Fla. 2001), does not exist in the instant case given the fact that judgments have been entered whereby involuntary relief under Section 303 of the Code would be granted.[1]  As such, *Neiman* can be relied upon as further support for the Motion to Convert.

Dated: September 10, 2008.

ADORNO & YOSS LLP

Attorneys for Creditors:
CHURCH OF SCIENTOLOGY INTERNATIONAL
BRIDGE PUBLICATIONS, INC.

By: /s/ Alan J. Perlman
    Alan J. Perlman
    Florida Bar Number:  826006
    Shirin Movahed
    Florida Bar Number: 031546
    350 East Las Olas Boulevard, Suite 1700
    Fort Lauderdale, Florida 33301-4217
    Phone:  (954) 763-1200
    Fax:  (954) 766-7800
    aperlman@adorno.com
    smovahed@adorno.com

---

[1] / A sufficient number of judgment creditors have formally joined the Motion to Convert, whereby given the numerosity of Debtor's creditors, relief under Section 303 of the Code would be ordered if commenced. Fortunately, based on the authorities set forth herein, that will not be required, thereby ensuring that this debtor remains within the Court's jurisdiction for the benefit of all creditors.

## CERTIFICATE OF SERVICE

I HEREBY FURTHER CERTIFY that on this 10th day of September, 2008 a copy of the foregoing Legal Brief in Support of Motion to Convert was served via CM/ECF to participants who have consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said party and via facsimile to Charles Franken and the U.S. Trustee's Office.

By: /s/Alan J. Perlman
Alan J. Perlman
Florida Bar Number: 826006
Shirin Movahed
Florida Bar Number: 031546
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Phone: (954) 763-1200
Fax: (954) 766-7800
aperlman@adorno.com
smovahed@adorno.com