UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISISION
www.flsb.uscourts.gov

IN RE:  　　　　　　　　　　　　　　　　　　　　　　Case No. 08-19642-JKO
　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
**PETER D. LETTERESE,**

　Debtor.
_____/

### NOTICE OF FILING

　　NOTICE IS HEREBY GIVEN of the filing of the attached "Creditors, Dr. Douglas G. Ness, Dr. Marc A. Schwartz, Schwartz Dental Practice, and Dr. L. Scott Brody, Notice of Adoption of Pleadings," which was served on counsel for the Debtor, the U.S. Trustee, and the undersigned on August 26, 2008 via U.S. Mail, facsimile and electronic mail as reflected therein.

Dated: September 11, 2008.　　　　　　　　ADORNO & YOSS LLP

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Creditors:
　　　　　　　　　　　　　　　　　　　　　　CHURCH OF SCIENTOLOGY INTERNATIONAL
　　　　　　　　　　　　　　　　　　　　　　BRIDGE PUBLICATIONS, INC.

　　　　　　　　　　　　　　　　　　　　　　By: /s/ Alan J. Perlman
　　　　　　　　　　　　　　　　　　　　　　Alan J. Perlman
　　　　　　　　　　　　　　　　　　　　　　Florida Bar Number:  826006
　　　　　　　　　　　　　　　　　　　　　　350 East Las Olas Boulevard, Suite 1700
　　　　　　　　　　　　　　　　　　　　　　Fort Lauderdale, Florida 33301-4217
　　　　　　　　　　　　　　　　　　　　　　Phone:  (954) 763-1200
　　　　　　　　　　　　　　　　　　　　　　Fax:  (954) 766-7800
　　　　　　　　　　　　　　　　　　　　　　aperlman@adorno.com

### *CERTIFICATION*

　　I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I HEREBY FURTHER CERTIFY that on this 11th day of September, 2008 a copy of the foregoing Notice was served via CM/ECF to participants who have consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said party including but not limited to Charles Franken and the U.S. Trustee's Office.

By: /s/ Alan J. Perlman
Alan J. Perlman
Florida Bar Number: 826006
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Phone: (954) 763-1200
Fax: (954) 766-7800
aperlman@adorno.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 08-19642-RBR

Chapter: 13

In re:

PETER D. LETTERESE,

    Debtor.

_____/

### CREDITORS, DR. DOUGLAS G. NESS, DR. MARC A. SCHWARTZ, SCHWARTZ DENTAL PRACTICE, AND DR. L. SCOTT BRODY, NOTICE OF ADOPTION OF PLEADINGS

Creditors, DR. DOUGLAS G. NESS, DR. MARC A. SCHWARTZ, SCHWARTZ DENTAL PRACTICE, and DR. L. SCOTT BRODY, ("Creditors"), by and through their undersigned counsel, hereby respectfully request that this Court take notice that Creditors hereby adopt the Creditors', CHURCH OF SCIENTOLOGY INTERNATIONAL, ("CSI") and BRIDGE PUBLICATIONS, INC. ("BPI") Motion to Convert Case to Chapter 7; Objection to Dismissal and Objection to Confirmation (and all arguments contained therein and exhibits attached or referenced thereto, see Exhibit "A"), filed on or about August 20, 2008, by Alan J. Perlman, Esq. on behalf of Creditors in this matter.

PMB 361020.1

Respectfully submitted,

**EDWARDS & ANGELL, LLP**
Attorneys for Creditors, DR. DOUGLAS G. NESS, DR. MARC A. SCHWARTZ, SCHWARTZ DENTAL PRACTICE, and DR. L. SCOTT BRODY
1 North Clematis Street, Suite 400
West Palm Beach, FL 33401
(561) 833-7700 Telephone
(561) 655-8719 Facsimile
E-mail: sbrier@eapdlaw.com

By: _____
Simeon D. Brier
Florida Bar No. 525782

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served via regular United States Mail, Facsimile and Electronic Mail upon the parties detailed on the below service list; this 26th day of August, 2008.

EDWARDS & ANGELL, LLP
Attorneys for Creditors, DR. DOUGLAS G. NESS, DR. MARC A. SCHWARTZ, SCHWARTZ DENTAL PRACTICE, and DR. L. SCOTT BRODY
1 North Clematis Street, Suite 400
West Palm Beach, FL 33401
(561) 833-7700 Telephone
(561) 655-8719 Facsimile
E-mail: sbrier@eapdlaw.com

By: _____
Simeon D. Brier
Florida Bar No. 525782

## SERVICE LIST

Charles D. Franken, Esq.
8181 W. Broward Blvd., #360
Plantation, FL 33324
(954) 476-7200 – Telephone
(954) 424-0297 – Facsimile
Email: frankencdf@aol.com

Ariel Rodriguez, Esq.
Office of the US Trustee
51 SW 1 Avenue, #1204
Miami, FL 33130
(305) 536-7285 – Telephone
(305) 536-7360 – Facsimile
Email: ariel.rodriguez@usdoj.gov

Alan J. Perlman, Esq.
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
(954) 763-1200 - Telephone
(954) 766-7800 - Facsimile
Email: aperlman@adorno.com

PMB 361020.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISISION
www.flsb.uscourts.gov

IN RE:                                      Case No. 08-19642-RBR
                                            Chapter 13
PETER D. LETTERESE,

       Debtor.
_____/

## MOTION TO CONVERT CASE TO CHAPTER 7; OBJECTION TO DISMISSAL AND OBJECTION TO CONFIRMATION

CHURCH OF SCIENTOLOGY INTERNATIONAL, ("CSI") and BRIDGE PUBLICATIONS, INC. ("BPI"), by and through their counsel, and pursuant to 11 U.S.C. §§ 109(e), 1307(c), 1325(a) and (b), file this Objection to Confirmation; Objection to Dismissal and Motion to Convert the Case to Chapter 7. The Debtor has requested a dismissal of this case. Any such relief should and must be consolidated with a hearing on the instant Motion pursuant to the Supreme Court's ruling in *Marrama v. Citizens Bank of Massachusetts*, 127 S.Ct. 1105 (2007), based on the inherent abuse and alleged bad faith as well as the ability of judgment creditors to obtain relief by way of an Involuntary Petition under Chapter 7. Movants object to the requested dismissal, request conversion and as grounds, state as follows:

### A. Preliminary Statement

1. CSI and BPI, (collectively "Movants"), creditors of the Debtor, hereby object to the confirmation of the Debtor's Plan, and seek the entry of an Order converting the Debtor's Chapter 13 case to a Chapter 7 on the grounds that: (i) the Debtor's noncontingent, liquidated, unsecured debt exceeds the limitations set forth in 11 U.S.C. § 109(e) rendering it ineligible to be a Chapter 13 Debtor; (ii) that the Debtor's proposed Plan does not satisfy the "disposable income" test as required under 11 U.S.C. § 1325(b); (iii) that the Debtor's petition for relief under Chapter 13 of the Bankruptcy Code should be converted to Chapter 7 for lack of good faith pursuant to 11 U.S.C. §§ 1307(c) and 1325(a)(3) and (4); and (iv) that the Debtor, upon information and belief, does not receive regular income, as reflected by his Statement of Financial Affairs, signed under penalty of perjury, thereby precluding his ability to proceed under Chapter 13.

{N0724561_1}

EXHIBIT A

### B. Debtor's Chapter 13 Petition and Schedules

2. On or about July 1 2, 2008 ("Petition Date") Peter Letterese ("Debtor") filed his Voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Code (the "Petition"), in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Case").

3. The Debtor filed his Schedules, and Statement of Financial Affairs, and his Chapter 13 Plan. The Debtor's Schedules and Statements of Financial Affairs, signed under penalty of perjury, proved as follows:

> $1,000,000 owed to IRS.
> Adverse Judgments of $700,000
> Undisputed Loan of $150,000
> No income 2006
> No income 2007
> No income 2008

Schedule J—Current Expenditures reflects

| | |
|---|---:|
| Rent of | 5,200 |
| Electric | 600 |
| Telephone | 700 |
| Cable | 350 |
| Maintenance and clothing | 400 |
| Medical | 700 |
| Auto | 450 |
| Health Ins. | **800** |
| (Etc.) | |

Total approximately:                               $11,000.00

4. Notwithstanding ZERO income over the last 3 years, including none to date in 2008, as reflected by the Debtor's Statements, the proposed Plan, based on the expenses set forth above, proposes a mere $100 to unsecured creditors. If that were not enough, the payments do not even commence until month eleven (11).

### C. Relief Requested

5. Movants respectfully request that this Court convert this case to a Chapter 7 proceeding on the basis that the Debtor is not eligible under 11 U.S.C. § 109(e) and § 1325(b), and dismissal is inappropriate. As further grounds for conversion, Movants assert that the Debtor's Chapter 13 Petition and Plan have not been proposed in good faith as required under U.S.C. §§ 1307(c) and 1325(a)(3) and (4) in that the Plan fails to (I) accurately disclose monthly incomes and/or expenses of the Debtor; (ii) provide for the payment of all priority and secured debt; and/or (iii)

{N0724561_1}                                                2

proposed expenses exceed the allowed amounts from discretionary Income. Further, the Debtor has no "regular Income" as required under Section 109.

### The Debtor Is Not Eligible for Relief Under Chapter 13

6. The Schedules and Statement of Financial Affairs filed by the Debtor clearly show that the Debtor's noncontingent, liquidated debt exceeds the jurisdictional limits set forth in 11 U.S.C. § 109(e). Section 11 U.S.C. § 109 (e) of the Bankruptcy Code provides that "only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $336,900... may be a debtor under Chapter 13 of this title." The Debtor cannot circumvent this limitation on eligibility by simply ignoring *actual* judgments by listing the amounts of the debts as "contingent and unliquidated" in his Schedules. The Debtor has purposefully listed all but one of his unsecured debts as contingent and unliquidated in an apparent attempt to fall within the guidelines of 11 U.S.C. § 109(e)[1].

7. In determining whether the debtor meets the eligibility requirements set forth in Section 109(e) the Court is not bound solely by the information contained in a debtor's schedules where it appears that the amounts listed is other than what the debtor says is owed or the schedules have not been filed in good faith. *See In re Mannor*, 175 B.R. 639 (Bankr. E.D. Mich. 1994) (because the amount of the judgment against the debtor was "legally certain," court determined that the debtor was not eligible to be a Chapter 13 debtor.) The same is true here, in that the final judgments have been entered for $700,000.

8. Indeed, liquidation of a claim relates to the amount of liability, not the existence of liability. If the amount due is ascertainable by agreement of the parties or operation of law, the claim is liquidated. *U.S. v. Verdunn*, 89 F.3d 799, 802 (11th Cir. 1996). The disputed nature of the claims is not relevant to determination of section 109 eligibility. If the debt is readily calculable at the time of filing the petition, even if contested, it is liquidated. *Id.* at n.9. Similarly, a debt is not contingent if all events giving rise to liability occurred prior to the filing of the bankruptcy petition. *Id.* at 801 n. 7, citing *In re Knight*, 55 F.3d 231, 236 (7th Cir. 1995), and *In re Loya*, 123 B.R. 338, 340 (9th Cir. BAP 1991).

9. Based on the foregoing, as of the Petition Date the Debtor had no noncontingent and liquidated unsecured debts totaling at least $850,000.00 which well exceeds the eligible limit of

---

[1] This comes of no surprise given the conduct exhibited to date in a pending Chapter 11 commenced by this debtor as an officer of said entity. See Motion to Convert (DE 50), Case No. 08-19067-JKO, alleging fraud on the Court.

{N0724561_1}    3

$336,900 necessary to qualify as a Chapter 13 debtor. Pursuant to Section 109(e), the Debtor is not entitled to proceed with a Chapter 13 case.

10. Additionally, Section 109 restricts Chapter 13 to individuals with "regular income." The Debtor declared in his statements that he has had no income for 2006, 2007 and 2008. As such, he can not proceed in a Chapter 13, and dismissal is inappropriate as addressed below.

### Feasibility/Alleged Bad Faith

11. The feasibility of Debtor's Chapter 13 Plan is certainly at issue, as well as Debtor's ability to earn sufficient income to cover the payments that he would be required to make under a Chapter 13 plan. The Debtor's Schedules clearly indicate that the Debtor's Plan is not feasible and does not meet the requirements of 11 U.S.C. §§ 109(e) and 1325(b). The Plan length and the portion of debt to be repaid under a proposed plan are relevant to the determination of good faith. *See In re Petersen*, 228 B.R. at 25-26 (considering payout to unsecured creditors). In this case, the Debtor proposed a five (5) year plan, which at best would distribute a meaningless sum. While a small payout alone is not determinative of a lack of good faith, it is an additional factor that courts must consider. *See In re Clements*, 185 B.R. 903, 907 (Bankr. M.D. Fla. 1995) (noting that small payouts in Chapter 13 cases deserve particular scrutiny). Debtor's purported negative disposable income of "-$656.67" per month is an insufficient amount in order to address his debts, which would require substantially more in disposable income to satisfy the requirements of Section 1325(b)(2).

12. These matters of credibility and manipulation of sworn declarations in the Schedules go to the very heart of good faith. In examining the totality of the circumstances surrounding the Debtor's filing of this Chapter 13 Bankruptcy case, and the proposed Chapter 13 Plan, it is clear that the Debtor has not filed this case or proposed his Plan in good faith warranting that the case should be converted to a Chapter 7.

13. The Bankruptcy Code requires a Debtor proposing a plan for confirmation to exercise "*good faith*" in filing. 11 U.S.C. § 1325(a)(3). *See In re McGovern*, 278 B.R. 888 (Bankr. S.D. Fla. 2002). Moreover, section 1307(c) requires the Debtor to file his Chapter 13 petition in good faith. 11 U.S.C. § 1307(c). Although a lack of good faith is not enumerated as a specific basis for conversion, courts have recognized lack of good faith as a "cause" for converting the case. *In re Love*, 957 F.2d 1350, 1354 (7th Cir. 1992); *In re Stathatos*, 163 B.R. 83, 87 (N.D. Tex. 1993); *In re Powers*, 135 B.R. 980, 991 (Bankr. C.D. Cal. 1991); *Ekeke v. United States*, 133 B.R. 450, 452 (S.D. Ill. 1991) (stating

{N0724561_1}    4

that by the terms of section 1307(c), the enumerated causes of section 1307(c) are not exhaustive). The obligation of good faith is imposed on the debtor in a Chapter 13 proceeding in two stages: First, the debtor must file his Chapter 13 petition in good faith. This flows from the concept that the filing of a Chapter 13 petition in bad faith may constitute cause for dismissal or conversion under 11 U.S.C. § 1307(c). *See In re Love*, 957 F.2d 1350, 1354-55 (7th Cir. 1992); *In re Gros*, 173 B.R. 774 (Bankr. M.D. Fla. 1994); *In re Bandini*, 165 B.R. 317, 319 (Bankr. S.D. Fla. 1994). Second, the debtor must file his Chapter 13 plan in good faith: A showing of "good faith" is statutorily required for the confirmation of a Chapter 13 plan. 11 U.S.C. § 1325(a)(3). *See In re Love*, supra; *In re Elisade*, 72 B.R. 996 (Bankr. M.D. Fla. 1994). The inquiry into whether a Chapter 13 debtor filed his petition in good faith and the inquiry into whether the debtor filed his Chapter 13 plan in good faith are both conducted on subjective and objective basis, and the same evidence may be relevant to both inquiries. *See In re Love*, supra. The burden of proof to establish that a plan is proposed in good faith is on the debtor. *See In re Petersen*, 228 B.R. 19, 24 (Bankr. M.D. Fla. 1998).

14.     Pursuant to 11 U.S.C. § 1307(c), a bankruptcy court may convert or dismiss a Chapter 13 case "for cause." *In re McGovern*, 278 B.R. at 892. The Eleventh Circuit has enumerated several factors for bankruptcy courts to consider in determining whether a Chapter 13 debtor has acted in good faith. *See In re Kitchens*, 702 F.2d 885, 888-889 (11th Cir. 1983). Additionally, courts also consider whether: (1) the petition contains deficiencies or inaccuracies meant to mislead the court; (2) payments are fundamentally unfair in timing and amount; (3) debtor had an improper motive in seeking relief; and (4) under the "totality of circumstances," the debtor has abused the provisions, purposes, and/or spirit of Chapter 13. *See In re Prud'Homme*, 161 B.R. 747, 749-50 (Bankr. E.D.N.Y. 1993); *In re Patricia Jean Powers*, 135 B.R. 980, 992-92 (Bankr. C.D. Cal. 1991). As with any "totality of the circumstances" test, no one factor will dispose of the issues of this case. Rather, the court must consider all of the circumstances surrounding the debtor's pre-petition activity and the filing of the case. *See Jim Walter Homes, Inc. v. Saylors (In re Saylors)*, 869 F.2d 1434, 1436 (11th Cir. 1989).

15.     A number of the indicia of bad faith described above are present in this case. The result in this case should be no different than that in *In re Blaise*, 219 B.R. 946 (2nd Cir. BAP 1998). In *Blaise*, the Second Circuit held that "cause" existed to dismiss or convert the debtor's Chapter 13 case, and further concluded that the best interests of the estate and its creditors dictated conversion, rather than dismissal. *Id.* at 950-51.

16. As noted in *Marrama v. Citizens Bank of Massachusetts*, 127 S.Ct. 1105 (2007) bankruptcy courts routinely treat a debtor's bad-faith conduct or fraud as an implicit ground for refusing to enforce a debtor's "absolute right" to convert his case from one chapter to another. The Court stated that an individual who has proceeded in bad faith, "in other words, is not a member of the class of 'honest but unfortunate debtor[s]' that the bankruptcy laws were enacted to protect." So finding, the Court denied a debtor's seemingly unequivocal right to convert a Chapter 7 to a Chapter 13 case. 127 S.Ct. at 1111. The same reasoning is applicable here to the debtor's apparent right to dismiss his Chapter 13 action. Because this individual debtor has committed bad faith conduct in the filing of his petition and his plan, it is entirely warranted that he not be permitted to dismiss the bankruptcy, but instead should have it converted to Chapter 7, particularly because there is a sufficient number of creditors to allow an involuntary conversion.

### B. Conclusion

17. There are many fundamental problems with the Debtor's proposed Chapter 13 Plan. The Debtor does not have sufficient disposable income to meet the payments required under the plan pursuant to section 1325(b). Moreover, the Debtor does not qualify as a debtor under section 109(e) because his debts exceed the statutory eligibility limits and he does not have any "regular income." Additionally, the Plan was not filed in good faith pursuant to Sections 1307(c) and 1325(a)(3) and (4). Further, the expenses exceed the allowed amounts. For the same reason, debtor is not entitled to a dismissal of the action. Lastly, in theory, since the judgment creditors can initiate an involuntary Chapter 7, there seems little reason why conversion is not mandated. For all these reasons, the Debtor's Chapter 13 must be converted to a Chapter 7 case, which is in the best interest of creditors By no means is dismissal the answer. *See In re Blaise*, 219 B.R. at 951 (where the Second Circuit affirmed that the bankruptcy court did not abuse its discretion by converting debtor's chapter 13 case rather than dismissing it). Further, any effort by Debtor to circumvent this motion by a purported attempt at dismissal must be consolidated with the relief set forth herein as suggested by the Supreme Court in *Marrama*.

WHEREFORE, CHURCH OF SCIENTOLOGY INTERNATIONAL and BRIDGE PUBLICATIONS, INC., respectfully request that this Court enter an Order denying debtor's request for dismissal and converting the case to a Chapter 7 and for such other and further relief as this Court deems appropriate.

{N0724561_1}                                        6

Dated: August 20, 2008.

        ADORNO & YOSS LLP

        Attorneys for Creditor:
        CHURCH OF SCIENTOLOGY INTERNATIONAL
        BRIDGE PUBLICATIONS, INC.

        By: /s/Alan J. Perlman
        Alan J. Perlman
        Florida Bar Number: 826006
        Shirin Movahed
        Florida Bar Number: 031546
        350 East Las Olas Boulevard, Suite 1700
        Fort Lauderdale, Florida 33301-4217
        Phone: (954) 763-1200
        Fax: (954) 766-7800
        aperlman@adorno.com

## CERTIFICATE OF SERVICE

I HEREBY FURTHER CERTIFY that on this 20th day of August, 2008 a copy of the foregoing Motion was served via CM/ECF to participants who have consented to electronic notice and the notice of electronic filing indicates that notice was electronically mailed to said party and via facsimile to Charles Franken and the U.S. Trustee's Office.

        By: /s/Alan J. Perlman
        Alan J. Perlman
        Florida Bar Number: 826006
        Shirin Movahed
        Florida Bar Number: 031546
        350 East Las Olas Boulevard, Suite 1700
        Fort Lauderdale, Florida 33301-4217
        Phone: (954) 763-1200
        Fax: (954) 766-7800
        aperlman@adorno.com