UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:
PETER LETTERESE                    Case No   08-19642 BKC-JKO
                                   Chapter 13
     Debtor
_____

DEBTOR'S MEMORANDA OF LAW IN SUPPORT OF DEBTOR'S MOTION TO DISMISS AND OPPOSING CHURCH OF SCIENTOLOGY MOTION TO CONVERT

COMES NOW DEBTOR PETER LETTERESE ("Debtor") who by and through his undersigned attorney pursuant to 11 USC §1307 (b) does hereby file this Memoranda of law in Support of Debtor's Motion of voluntarily dismissal of this case and in opposition to Church of Scientology ("Church") Motion to Convert to Chapter 7.

ISSUE: WHETHER THE DEBTOR PURSUANT TO PLAIN LANGUAGE OF 11 USC 1307 (b) HAS THE ABSOLUTE RIGHT TO DISMISS HIS CHAPTER 13 CASE PRIOR TO AN ORDER OF CONVERSION

Debtor has not converted this case under Sections 706, 1112, or 1208 of the Bankruptcy Code. Debtor requests that this Court enter an order pursuant to 11 USC § 1307 (b) dismissing this action. No order of conversion has been entered by this Court. Debtor's Motion to Dismiss under 11 USC § 1307 (b) was filed prior to Church's Motion to Convert under 11 USC § 1307 (c). This case was originally assigned to Judge Ray and was transferred to Judge Olson without motion by any party, presumably due to the pending bankruptcy of Creative Desperation Inc. 08-19067 BKC JKO.

The Chapter 13 Trustee Robin Weiner has not filed any motion to dismiss the case, solely because of Church's Motion to convert and has as of this motion not taken a position in this case.

The moving party, Church is <u>not</u> a creditor of this Estate. The Church is not listed in the Debtor's Schedules DE 1 and the Church has not filed any proof of claim as a creditor. Hence the Church

has no interest as a party in this proceeding. There is no pending lawsuit brought by the Church against this Debtor, although the Debtor has filed lawsuits against the Church individually. Neither the Trustee nor any Creditor of the Debtor has filed a Motion to Convert.

The above facts are not in dispute. The issue before the Court is a pure question of law. The Debtor has the absolute right to a dismissal upon request not only under the plain unambiguous language of 11 USC § 1307 (b) but also based upon the clear and overwhelming majority of the case law cited below.

The Debtor was eligible for Chapter 13 based upon the amount of sums claimed in good faith to be non contingent liquidated and unsecured debt. The Debtor has disputed the debts of creditor Dr. Schwartz for which the Fourth District Court of Appeals relinquished jurisdiction for the Debtor to vacate the judgment entered without an arbitration award. Debtor has disputed the debt of creditor Dr. Scott Brody which is on appeal to the Fourth District Court of Appeals. The Debtor disputes the debt of former counsel listed in his schedules. Debtor disputes his liability for the IRS debt which in any event is listed as a secured debt and not unsecured. The Debtor's secured debt with the IRS is less than $500,000.00. As stated above, the Church who has filed this motion to convert is not listed as a creditor on the Debtor.

The memoranda filed by Church a non creditor, non interested party is egregiously, a consistent posturing of its own agenda and which fails to present the existing case law. The Church conveniently, fails to acknowledge the overwhelming authority both

2

in this District in <u>In Re Neiman</u> 257 B.R. 105 (Bktcy S D Fla 2001) and throughout most of the country as if such case law does not exist. The Church purposefully misstates the ruling of one of his own leading cases <u>In Re Campbell</u> 2007 WL 45533596 (Bktcy N D W VA December 13, 2007) in which a reading of the Church's memorandum would indicate that <u>Campbell</u> supports the Church. This is clearly <u>false.</u> The holding of <u>Campbell</u> is squarely with the majority of cases and fully supports Debtor's position for absolute dismissal.

The Church fails to advise this Court of the most recent opinion on the issue before the Court <u>In Re Polly</u> 2008 WL 3330636 (Bktcy N.D. TX August 8, 2008) which analyzes the current state of the law and in a departure from other cases in Texas fully supports the Debtor. The Church fails to mention the most recent Circuit Court of Appeals ruling in <u>In Re Barbieri</u> 199 F 3d 616 (2 Cir 1999) which held in favor of the Debtor and which was cited with approval by Judge Hyman in <u>Neiman.</u> The Church's Memorandum is a blatant "hatchet job" to mislead this Court, that the Church and its counsel should be sanctioned by this Court for its plain misrepresentations and should not be before this Court.

In <u>Neiman</u> the Debtor moved to dismiss his Chapter 13 and then the Creditor moved to convert. In this case, the Debtor moved to dismiss and then the Church moved to convert. In <u>Neiman</u> the Creditor's motion to convert was based upon false bankruptcy schedules, a question of eligibility, improper acts of converting non exempt assets and manipulating the bankruptcy system. In this case, the Church claims the Debtor did not qualify for Chapter 13 based upon the debt and inability to fund a plan. As in <u>Neiman</u> the

3

Church is seeking to bar the Debtor from dismissing his case.

The Court in <u>Neiman</u> noted that Rule 1017 (a) does not require a hearing for a review of 11 USC § 1307 (b) motion to dismiss. To date this Court has not entered an order on the dismissal and has required a hearing. A hearing is only required for a motion to convert or dismiss under 11 USC § 1307 (c) which further indicates a reason why Congress plainly intended a Chapter 13 Debtor to be free to dismiss anytime before an order of conversion was entered. <u>Neiman.</u>

The Court in <u>Neiman</u> reviewed the exact issue which is now before this Court of whether the Chapter 13 Debtor had an absolute right to a dismissal and following the majority of the Courts in the United States held that a Chapter 13 Debtor had the absolute right to demand a dismissal even when there was a competing motion to convert. This Court must follow <u>Neiman</u>, the only Southern District of Florida case, in accordance with the plain language of 11 USC § 1307 (b) and dismiss this Chapter 13 case.

The Court in <u>Neiman</u> suggested that the granting of the motion to dismiss under 11 USC § 1307 (b) would render a creditor's rights under 11 USC § 1307 (c) a nullity. Yet, the Court stated considering the creditor's 11 USC § 1307 (c) motion would render the Debtor's right of dismissal to be a nullity.

It is noted that 11 USC § 1307 (b) uses the words " the Court <u>shall dismiss a case."</u> In contrast, under 11 USC § 1307 (c) the words used by Congress are " the court <u>may</u> convert a case under this chapter" to chapter 7 or <u>"may dismiss</u> a case under this chapter whichever is in the best interests of the creditors. <u>In Re</u>

4

Barbieri 199 F 3d 616, 619 (2nd Cir 1999). The Court in Neiman analyzed the Second Circuit decision in Barbieri indicating that the language of the two competing statutes were consistent due to Congress's use of shall to be mandatory for dismiss and may to be permissive for conversion; that the purpose of the statute was to provide a voluntary and unqualified right of the Debtor to dismiss; that the lack of hearing was only provided for a dismissal and not a conversion; a Chapter 13 case could not be filed involuntarily; and that Chapter 13 was created to be voluntary for a Debtor to come and go. It is also noted that Barbieri was decided after Molitor, not before and is the last word of the Circuits on this issue.

The Court in Neiman, in contrast to Church's sanctionable misrepresentation of the law, also analyzed the earlier Eighth Circuit Court opinion in Molitor 76 F 3d 218 (8th Cir 1996) wherein the Court looked primarily to avoiding abuses of the bankruptcy system by eviscerating the language of 11 USC § 1307 (b). The Court in Molitor stated that it was necessary to look to the entire statute even though it is clear Congress intended the Debtor's rights to be absolute. As the Court stated in Neiman:

> "Molitor and other decisions that weight the merits of competing creditor motions to convert against debtor motions to dismiss under § 1307 [b] are clearly motivated by a desire to prevent debtors from abusing the system for the purpose of delay and defrauding creditors." at 109.

The Court in Neiman stated that the concerns of the creditors as to abuse are protected elsewhere by not allowing the Debtor to re file a bankruptcy for a time certain, that the creditors are then free to pursue their legal remedies against the Debtor.

The Court in Neiman noted that not only did the Court in Barbieri not follow Molitor but that other Courts have failed to follow Molitor based upon the plain language of 11 USC § 1307 (b) including In Re Patton, 209 BR 98 (Bktcy ED TN 1997).

Finally, it is a clear misrepresentation of the case law, when one reads the Church's belief that somehow Neiman would support its position because of some concerns of the bankruptcy court. Neiman plainly states creditors are amply protected as they before this Court, with their rights under state law. Neiman in no way supports the Church's position.

The most recent case to rule upon this issue is found in In Re Polly 2008 WL 3330636 (Bktcy ND TX August 8, 2008). This Court ruled squarely in favor of the Debtor even though the Debtor's motion to dismiss was filed after the Creditor filed his motion to convert based upon bad faith.

The Court in Polly first determined that the US Supreme Court requires the Court **to follow the plain meaning of a statute** in this case the Bankruptcy Code citing to United States v Ron Pair Enters Inc 489 US 235, 242 (1982). The Court in Polly further relied upon Lamie v United States Trustee 540 US 526, 536 (2004) **to follow the words used by Congress**. The Court in Polly in reviewing 11 USC § 1307 (b) stated the words "shall" creates a mandatory act by the Court. Lexacon Inc v Milberg Weiss Bershad, 523 US 26, 35 (1998).

The Court in Polly further noted **Congress also unambiguously stated that the Debtor had the right at any time to dismiss**. The Court in Polly stated that Chapters 12 and 13 were plainly designed to be voluntary proceedings whereas Chapter 7 is not so voluntarily

6

citing to In Re Barbieri and In Re Harper-Elder 184 B.R. 403, 408 (Bktcy D D C 1995). The Court in Polly further reviewed the legislative history of 11 USC § 1307 (b) and concluded that Congress's intention was **to provide a Chapter 13 Debtor the right "without qualification" to dismiss his case** at page 4.

The majority view is plainly on the side of the Debtor including more than 14 courts, Barbieri, Patton, Neiman, Campbell, Harper Elder, (which Church misstates to be in Church's favor); In Re Merrit 39 B.R. 462 (Bktcy ED PA 1984); In Re Gillion 36 B.R. 901 (ED AK 1983); In Re Davis 2007 WL 1468681 (Bktcy MD Fl May 16, 2007); In Re Davenport 175 B.R. 355 (Bktcy ED CA 1994) (a Chapter 12 case which criticized (Graven); In Re Greenberg 200 B.R. 763 (Bktcy SD NY 1996); In Re Beatty 62 B.R. 853 (Bktcy App Pan 9th Cir 1994); In Re Wyatt 317 B.R. 159 (Bktcy ID 2004); In Re Whitmore 225 B.R. 199 (Bktcy ID 1998); In Re Dulaney 285 B.R. 10 (D CO 2002).

In contrast is the minority position in but six cases, In Re Jacobson 378 B.R. 805 (Bktcy ED TX 2007); In Re Fonke 310 B.R. 809 (Bktcy SD TX 2004); In Re Cromwell 292 B.R. 541 (Bktcy TX 2002); Molitor; In Re Foster 945 F 2d 400 (5th Cit 1991) without opinion; In Re Cobb 2000 WL 17840 (ED LA 2000); In Re Graven 936 F 2d 378 (8th Cir 1991) (a Chapter 12 case). Clearly the cases in support of the Church are found in Texas, Louisiana and Minnesota whereas the majority is found throughout the United States.

The Court in Polly as did Judge Hyman in Neiman took the time to review and analyze the minority arguments which the Court in Polly found to be four (4) issues for the minority position:

7

1) the term request used by Congress in 1307 (b) somehow would negate the words "shall" and "at any time"

2) if 1307 (b) is absolute 1307 (c) is a nullity even though the sections can be read together and 1307 (c) is not a nullity

3) an absolute right to dismiss would afford a dishonest debtor a revolving door in bankruptcy.

4) In Jacobson the reference in 1307 (c) to 1307 (e) would indicate that 1307 (b) does not limit the use of 1307 (c) even though neither 1307 (b) or 1307 (c) expressly refer to each other.

Relevant to these four (4) issues enumerated immediately above, the Court in Polly, stated the following:

1) The words "upon request of Debtor" does not require judicial action except to follow the mandate of Congress to act by a dismissal. The dismissal is a requirement under the statute to terminate the case just as when the Debtor files for bankruptcy and is automatically granted relief. There is no discretion for the Court to act upon Debtor's request for dismissal, as there is plainly required for the Court to review a motion for conversion. Polly at page 6

2) 1307 (c) provides the right of a creditor to seek dismissal or conversion which the Debtor may choose to fight as stated in Campbell. It is plainly wrong to presume that a Debtor when faced with a motion to convert, will always retreat to a dismissal. A Debtor seeks a discharge, which a dismissal denies. A Debtor may choose to convert if a discharge is what the Debtor desires even if a Chapter 13 would allow a plan to repay creditors. If the Debtor chooses dismissal, the Debtor loses the benefits of

8

bankruptcy automatic stay and an eventual discharge. If the Debtor is converted, those benefits of discharge and stay would remain. Therefore Polly correctly concludes both sections 1307 (b) and 1307 (c) exist without destroying each other since they provide different remedies to the Debtor. Hence 1307 (b) is not in conflict with 1307 (c).

3) The Court has the right to dismiss the case with prejudice for a time certain which amply protects the Creditors. Further Creditors have the right to seek relief of the automatic stay or other sanctions against a Debtor. Thus, the issue of abuse is protected to the Creditors and thus the issue of abuse does not weigh at all upon the issue of the right of dismissal. The issues of dismissal and abuse, are separate issues which can both protect the rights of the Debtor to an automatic dismissal but still prevent any abuse of the system. Polly at page 8. Accord In Re Greenberg.

4) Since Rule 1017 (a) and (f) plainly indicate hearings are not required for an 1307 (b) motion it is clear that Congress intended the rights of a Debtor to a dismissal.

5) 1307 (e) merely follows 1307 (c) and does not afford any argument to the Church.

6) The US recent decision of Marrama v Citizens Bank of Massachusetts 127 S Ct 1105 (2007) supports Debtor's position. As stated in Polly Chapter 706 (a) uses the term "may dismiss or convert" whereas 1307 (b) uses the term "**shall**". The issue of bad faith may be considered in Chapter 7 issue of conversion, due to the nature of a Chapter 7 debtor who has never had the unqualified

9

right to dismiss or convert. **But in Chapter 13 proceedings, because of its voluntary nature Congress plainly intended a Debtor to be able to dismiss automatically <u>at any time</u> prior to a conversion.** In a Chapter 7 proceeding a conversion keeps the case going and thus bad faith must be considered; whereas a dismissal ends the case. Finally 706 (d) considers bad faith if the Debtor is not eligible whereas a dismissal terminates the case.

In <u>Davis</u> 2007 WL 1468681 (Bktcy MD Fl May 16, 2007), another case in Florida, Judge Proctor reviewed 1307 (b) and held the right to dismiss was absolute of the Debtor. Further Judge Proctor reviewed <u>Marrama</u> and stated that <u>Marrama</u> was not applicable since <u>Marrama</u> was a Chapter 7 case.

The Church falsely and disingenuously cites with approval at least 4 times <u>In Re Campbell</u> 2007 WL 45533596 (Bktcy N D W VA December 13, 2007) in support of its motion. The Court in <u>Campbell</u> not only dismissed the case at the request of the Debtor, but dismissed the case nunc pro tunc to the date of the Debtor's request. <u>Campbell</u> as did <u>Polly</u> reviewed <u>Barbieri and Molitor</u> as to issues each presented. <u>Campbell</u> falls squarely with <u>Polly, Neiman, Davis</u> and the clear majority of cases deciding the issue before the Court. In contrast <u>Jacobson</u> cited by Church, which <u>Polly</u> plainly distinguishes with both cases from courts in Texas, fails to provide any proper analysis of the issues, but focuses on the issue of bad faith to be overriding while ignoring the plain language of 1307 (b).

The inescapable conclusion for this Court to achieve is to follow the majority opinions of Florida and of the most recent

10

cases and of the most recent Circuit Court opinions which are reasoned and considered and not follow the small mostly outdated minority opinions, which are written similar to Church's memorandum- not to review the issues or the law but to take a narrow approach to trumpet 1307 (c), as if 1307 (b) did not exist and to focus on the bad faith as an element of the right to dismissal instead of considering bad faith solely as the Court did in Neiman, to exact a prejudice period.

The Debtor is absolutely entitled to an order dismissing his case without regard whatsoever to any merits of the Church's Motion to Convert which do not exist. The Court may only determine the prejudice period mindful that a standard 180 day prejudice would be appropriate as for any other Debtor.

WHEREFORE the good cause shown, Debtor Peter Letterese respectfully requests this Court to dismiss this Chapter 13 case in accordance with 1307 (b) and to determine the prejudice period of any, and other relief as this Court deems proper.

I hereby certify that a true and correct copy of the foregoing was sent by electronic notice this 11 day of September 2008 to the following:

Robin R. Weiner, Trustee
P. O. Box 559007
Fort Lauderdale, FL  33355-9007

U.S. Department of Justice
Office of the United States Trustee
Suite 1204
51 S.W. First Avenue
Miami, FL  33130

Internal Revenue
Atlanta GA 30303

11

Ken Jones Esq.
Moody, Jones
1333 S. University Drive
Suite 201
Plantation, FL  33324

Alan Pearlman
Adorno and Yoss PA
350 East Las Olas Blvd Suite 1700
Fort Lauderdale, FL  33301

Simeon Brier Esq
Edwards Angell
One North Clematis Street #400
West Palm Beach Fl 33401

Marika Tolz
for Creative Desperation
4801 Sherman St
Hollywood Fl 33021

                            CHARLES D. FRANKEN PA
                            Attorney for Debtor
                            8181 W. Broward Blvd
                            Suite 360
                            Plantation, Fl 33324
                            Tel 954 476 7200
                            Fax 954 424-0297

                      By:_____
                          CHARLES D. FRANKEN 224251

     I hereby certify that a true and correct copy of the foregoing was sent by US Mail this 11 day of September 2008 to the following:

John Arrastia Jr PA
1100 Brickell Avenue Suite 403
Miami Fl 33131

Keith A. Gasman Esq
2929 E. Commercial Blvd
Suite 702
Fort Lauderdale, Fl. 33308

Arnstein & Lehr PA
c/o Haleel Crozier & Hanna PA
555 No Congress Avenue Suite 301
Boynton Beach Fl 33426

David Garfinkel

12

GWP Partners LLC
18851 NE 29th Avenue Suite 510
Aventura Fl 33180

Gallert Dreyer & Berkey LLP
845 Third Avenue   8th Fl
New York NY 10022

MGSI
4581 Weston Road 306
Weston Fl 33331

                      CHARLES D. FRANKEN PA
                      Attorney for Debtor
                      8181 W. Broward Blvd
                      Suite 360
                      Plantation, Fl 33324
                      Tel (954) 476-7200
                      Fax (954) 424-0297

By: _____
      CHARLES D. FRANKEN FBN 224251

13