```
                    UNITED STATES BANKRUPTCY COURT
                     SOUTHERN DISTRICT OF FLORIDA
                       FORT LAUDERDALE DIVISION
IN RE:
PETER LETTERESE                    Case No  08-19642 BKC-JKO
                                        Chapter 13
       Debtor
_____
```

DEBTOR'S SUPPLEMENTAL MEMORANDA OF LAW IN SUPPORT OF DEBTOR'S MOTION TO DISMISS AND OPPOSING CHURCH OF SCIENTOLOGY AND BRIDGE PUBLICATION INC. MOTION TO CONVERT; REQUEST FOR IMMEDIATE RULING WITHOUT THE NECESSITY OF A FURTHER HEARING

COMES NOW DEBTOR PETER LETTERESE ("Debtor") who by and through his undersigned attorney pursuant to 11 USC §1307 (b) does hereby file this Supplemental Memoranda of law in Support of Debtor's Motion of voluntarily dismissal of this case and in opposition to Church of Scientology ("Church") and Bridge Publication Inc. ("Bridge") Motion to Convert to Chapter 7 and Request for an Immediate Ruling without further hearing or delay as follows:

1. The Debtor offers in further support of its Motion to dismiss In Re Graffy 216 B.R. 888 (Bktcy MD 1998) in which the Court stated:

> A traditional Chapter 13 homily is a debtor has the absolute right to dismiss his case at any time. at 891.

The Court in Graffy went on to state, the Court may impose conditions upon the dismissal, if there is a showing of lack of good faith by the Debtor.

2. The Ninth Circuit Court of Appeals in Nash v. Kester 765 F 2d 1410 (9th Cir 1985) held that a Debtor had an absolute right under Section 1307 (b) to dismiss his Chapter 13 case.

3. The Church and Bridge each non creditors and not an interested party sought at the hearing to which it has no legal

standing to ore tenus request a dismissal under Section 1307 (e) which provides an exception to Section 1307 (c) but **not** an exception to 1307 (b) if the Debtor does not file all required tax returns as determined by non applicable bankruptcy law, prior to the first scheduled 341 meeting. There are no required tax returns applicable at this time in this case that have not been filed with the IRS.

    4.  Since Congress purposefully did not include an exception to Section 1307 (b), but only to 1307 (c), it is clear that Congress intended to mandate that the Court was required dismiss or convert when the Debtor failed to file required tax returns, rather than permit the Debtor to stay in a Chapter 13 as provided under Section 1307 (c). However, Section 1307 (e) does not permit the Court to ignore the Debtor's absolute right to dismissal under Section 1307 (b); otherwise Congress would have stated so in Section 1307 (b) as Congress did in Section 1307 (c).  Since Congress did not limit or carve out any exception to Section 1307 (b), this Court cannot judicially change the plain reading of Section 1307 (b) to be an absolute right of dismissal.

    5. Section 1307 (e) refers to Section 1308 , which requires a Debtor to file required tax returns if and as required to be filed under non-bankruptcy law before the first meeting of creditors.

    6. IRS Law at 26 US 6012 (a) (1) (a) holds that a Debtor is not required to file tax returns where the Debtor's income is less than the applicable exemptions. <u>In Re Hahn</u> 200 B.R. 249, 250 (M.D. Fla 1996); <u>In Re Goodell</u> 2006 WL 23568 (Bktcy ED PA 2006); <u>In Re</u>

<u>Vines</u> 200 B.R. 940 (Bktcy M.D. Fl 1996). Thus no tax return is required for this Debtor to be filed when his income for 2007 as shown on the schedules was less than the exemption amount. Thus no 2007 tax return, was required to be filed by this Debtor and the Debtor was in full compliance with Section 1308 at the time of the first meeting of creditors.[1]

7. Furthermore the Debtor timely and lawfully filed for an extension until October 2008 to file the 2007 tax return. Section 1308 states clearly **only tax returns required** to be filed under applicable non-bankruptcy law, before the 341 meeting must be filed. Since the Debtor timely and lawfully filed for the an extension for the 2007 tax return, and the 2007 tax return, was not required to be filed before the 341 meeting, the Debtor was in full compliance with Section 1308 at the time of the first meeting of creditors.

8. Finally, the Debtor filed with the IRS approximately on or about August 16-18, 2008 his 2007 tax return, which complied with his disclosures in his schedules of 2007 income. This filing was timely even absent the lack of requirement to file any 2007 tax return and also absent that there was an automatic extension.

9. The Church and Bridge non-creditors never filed a motion to convert on the basis of Section 1307 (e) and clearly waived

---

[1] The Debtor through counsel confirmed with the Court that prior years tax returns had been filed by the Debtor, which was further assented to by Mr. Brier representing Dr. Brody and other claimed but fraudulent creditors Dr. Schwartz and Dr. Ness whose claims against the Debtor had been dismissed.

3

such right to present an argument at the end of the scheduled hearing.

10. The Church and Bridge a non-creditor do not have a valid claim and their motion should be stricken.

11. Dr. Brody et al joinder was not filed with the Court as admitted by their counsel until September 11, 2008 and was plainly untimely under the local rules to be considered.

12. Without a party in standing filing a motion to convert, with the absolute right to a dismissal of the Debtor under Section 1307 (b), with Debtor having complied with Section 1308, that Congress did not carve out a separate extension under Section 1307 (b) for Section 1307 (e), it is clear that this Court must dismiss the Debtor's Chapter 13 bankruptcy.

13. The Court can only consider with prejudice period to invoke against the Debtor in accordance with the clear case law cited to the Court by the Debtor. A prejudice period of six months is standard for someone who is not a serial filer.

14. Although _Neiman_ allows the Court to impose sanctions in addition to a prejudice period, no sanctions have been requested in writing or orally or sought by any alleged creditor, and thus any claim for sanctions after the motions have been filed and hearing conduct, is clearly waived.

15. The Debtor is absolutely entitled to an order dismissing his case without regard whatsoever to any merits of the Church's Motion to Convert, which do not exist. The Court may only determine the prejudice period mindful that a standard 180-day

prejudice would be appropriate as for any other Debtor.

16. A delay again for another hearing prejudices the rights of the Debtor who desires to proceed with his life free of the restraints of Chapter 13, to be granted nunc pro tunc to August 18, 2008. A delay also prejudices the rights of the creditors to seek state court remedies.

WHEREFORE the good cause shown, Debtor Peter Letterese respectfully requests this Court to dispense with any further hearing, to dismiss this Chapter 13 case in accordance with 1307 (b), to determine Debtor is in full compliance with Section 1308 and that Section 1307 (e) is either waived or inapplicable or that 1307 (b) requires a dismissal regardless of Section 1307 (e) which is applicable only with respect to Section 1307 (c), to determine the prejudice period of any, and other relief as this Court deems proper and to cancel the September 23, 2008 hearing and other relief as this Court deems proper.

I hereby certify that a true and correct copy of the foregoing was sent by electronic notice this 16 day of September 2008 to the following:
Robin R. Weiner, Trustee
P. O. Box 559007
Fort Lauderdale, FL  33355-9007

U.S. Department of Justice
Office of the United States Trustee
Suite 1204
51 S.W. First Avenue
Miami, FL  33130

Internal Revenue
Atlanta GA 30303

Ken Jones Esq.
Moody, Jones
1333 S. University Drive
Suite 201
Plantation, FL  33324

Alan Pearlman
Adorno and Yoss PA
350 East Las Olas Blvd Suite 1700
Fort Lauderdale, FL  33301

Simeon Brier Esq
Edwards Angell
One North Clematis Street #400
West Palm Beach Fl 33401

Marika Tolz
for Creative Desperation
4801 Sherman St
Hollywood Fl 33021

                                              CHARLES D. FRANKEN PA
                                              Attorney for Debtor
                                              8181 W. Broward Blvd
                                              Suite 360
                                              Plantation, Fl 33324
                                              Tel 954 476 7200
                                              Fax 954 424-0297

                                       By:__signed_____
                                            CHARLES D. FRANKEN 224251


     I hereby certify that a true and correct copy of the foregoing was sent by US Mail this 16 day of September 2008 to the following:

John Arrastia Jr PA
1100 Brickell Avenue Suite 403
Miami Fl 33131

Keith A. Gasman Esq
2929 E. Commercial Blvd
Suite 702
Fort Lauderdale, Fl. 33308

Arnstein & Lehr PA
c/o Haleel Crozier & Hanna PA
555 No Congress Avenue Suite 301
Boynton Beach Fl 33426

David Garfinkel
GWP Partners LLC
18851 NE 29th Avenue Suite 510
Aventura Fl 33180

Gallert Dreyer & Berkey LLP
845 Third Avenue  8th Fl
New York NY 10022

MGSI
4581 Weston Road 306
Weston Fl 33331

                                     CHARLES D. FRANKEN PA
                                     Attorney for Debtor
                                     8181 W. Broward Blvd
                                     Suite 360
                                     Plantation, Fl 33324
                                     Tel (954) 476-7200
                                     Fax (954) 424-0297

                           By:_____signed_____
                                CHARLES D. FRANKEN FBN 224251