## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:                                                     CASE NO. 08-19642-BKC-JKO

**PETER D. LETTERESE,**                                     CHAPTER 7

    **Debtor.**

_____/

-And-

In re:                                                     CASE NO. 08-19067-BKC-JKO

**CREATIVE DESPERATIONS, INC.,**                           CHAPTER 7
**a/k/a PETER LETTERESE & ASSOCIATES**

    **Debtor.**

_____/

### TRUSTEES' JOINT MOTION TO APPROVE STIPULATION FOR (I) PURCHASE AND SALE OF ESTATE ASSETS PURSUANT TO 11 U.S.C. §363(b)(1); (II) COMPROMISE OF CONTROVERSY PURSUANT TO FED. R. BANKR. P. 9019; AND (III) DISCHARGE OF DEBTOR PURSUANT TO 11 U.S.C. §727

    Marika Tolz, Trustee in bankruptcy for Creative Desperation, Inc. ("Trustee Tolz") and Les S. Osborne, Trustee in bankruptcy for Peter Letterese ("Trustee Osborne")(collectively, "Trustees"), by and through counsel, hereby file this Trustees' Joint Motion To Approve Stipulation For (I) Purchase And Sale of Estate Assets Pursuant to 11 U.S.C. §363( B)(1); (II) Compromise of Controversy Pursuant To Fed. R. Bankr. P. 9019; and (III) Discharge of Debtor Pursuant To 11 U.S.C. §727 (the "Motion") and state, as follows:

### BACKGROUND

    1.    On June 30, *2008*, Creative Desperation, Inc. a/k/a Peter Letterese & Associates, Inc. ("CDI") filed a voluntary petition for relief (the "CDI Bankruptcy Case") under Chapter 11

of Title 11 the United States Code (the "Bankruptcy Code").

2.      On September 9, 2008, an order granting a Motion to Convert Case to Chapter 7 was entered by the Bankruptcy Court in the CDI Bankruptcy Case.  Trustee Tolzis the duly appointed and acting Trustee in the CDI Bankruptcy Case (the "CDI Bankruptcy Estate").

3.      On July 12, 2008, the Debtor, Peter Letterese ("Letterese"), filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Letterese Bankruptcy Case").

4.      By order dated December 2, 2008, the Letterese Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code.  Trustee Osborne is the duly appointed and acting Trustee in the Letterese Bankruptcy Case (the "Letterese Bankruptcy Estate").

5.      The claims bar date in the CDI Bankruptcy Case was January 12, 2009. Proofs of claim in the approximate sum of $3 million have been filed against the CDI Bankruptcy Estate (the "CDI Claims").

6.      The claims bar date in the Letterese Bankruptcy Case was June 2, 2009.  Proofs of claim in approximate sum of $1.9 million, excluding the claim of $2.5 million filed by Trustee Tolz on behalf the of CDI estate (the "Tolz Claim"), have been filed against the Letterese Bankruptcy Estate.  Except for the Tolz Claim, the majority of claims by amount in the Letterese Bankruptcy Case, are identical to those in the CDI Bankruptcy Case.

7.      On June 22, 2009, Trustee Tolz filed an adversary complaint for declaratory relief, for temporary and permanent injunctive relief, for avoidance of transfers of estate property, and for Damages, in a cause styled *Tolz v. MGSI, Inc. a/k/a MGSI-Karas, Thomas John Karas, Barbara Fawcett f/k/a Barbara Letterese, Ramona Letterese, Charles D. Franken, and Charles D. Franken, P.A.* (Adv. Pro. No. 09-01649-BKC-JKO-A) (the "MGSI Litigation").

## THE STIPULATION OF SETTLEMENT

8.      The Trustees on behalf of each of their respective estates have jointly executed with Letterese a Stipulation For (I) Purchase And Sale of Estate Assets Pursuant to 11 U.S.C. §363( B)(1); (II) Compromise of Controversy Pursuant To Fed. R. Bankr. P. 9019; and (III) Discharge of Debtor Pursuant To 11 U.S.C. §727 (the "Stipulation"), attached hereto as **Exhibit "A".**  Significantly, the Stipulation provides, among other things, for the (i) settlement of the MGSI Litigation pursuant to Fed. R. Bankr. P. 9019; and (ii) sale of assets of the CDI Bankruptcy Estate and the Letterese Bankruptcy Estate pursuant to 11 U.S.C. 363.  The material terms of the Settlement are further set forth below:

a.      Letterese shall pay the sum of One Million Three Hundred Sixteen Thousand Two Hundred Sixty Nine Dollars and Twelve Cents ($1,316,269.12) (the "Settlement Amount") to Trustee Osborne, which funds shall be applied for the benefit of the CDI Bankruptcy Estate and Letterese Bankruptcy Estates as more fully set forth in the Stipulation (attached herein as Exhibit "A").

b.      The Settlement Amount will be paid in two installments as follows: (i) the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars within five (5) days of the entry of the Settlement Order approving the Stipulation, no earlier than September 25, 2009; (ii) the balance of One Million and Sixty Six Thousand Two Hundred Sixty Nine Dollars and Twelve Cents ($1,066,269.12) within ninety (90) days thereafter.

c.      If the first payment is not made timely, the Stipulation will be deemed null and void at the option of the Trustees.

d.      If the second payment is not made timely, the first payment shall be deemed forfeited as liquidated damages.

3

e.    The Settlement Amount shall be divided equally between and among the CDI Bankruptcy Estate and the Letterese Bankruptcy Estate.

f.    Letterese agrees to pay the reasonable attorneys' fees and costs of counsel for Trustee Tolz, Genovese Joblove 7 Battista, P.A. ("GJB").  The Parties Acknowledge that, to date, GJB has incurred professional fees and costs in the sum of Two Hundred Eighty Three thousand Nine Hundred Twenty Three Dollars and Seven Cents ($283,923.07).

g.    Within thirty (30) days of Letterese paying the first payment, GJB will submit a fee application to the Bankruptcy Court for the CDI Professional Fees.  Letterese shall have an opportunity to object to any portion of the GJB Fee Application on any basis recognized by the Bankruptcy Code.

h.    The payment of the CDI Professional Fees by Letterese shall be without prejudice to GJB seeking a separate application of fees from the Bankruptcy Court for fees and costs incurred by GJB in connection with the prosecution of the MGSI Litigation.

i.    Upon approval of this Settlement and upon payment of the settlements funds, any and all claims or lawsuits pending by either Debtor against either Trustee or their counsel, including without limitation, District Court Case No.: 08-cv-61109 Zlock / Snow, shall be dismissed with prejudice by Trustee Tolz and Trustee Osborne as to the following entities only: Barry Gruher, John Genovese, Genovese Joblove & Battista, P.A., Marika Tolz, The Honorable John K. Olson, U.S. Bankruptcy Judge.  Letterese further agrees to waive any claim not currently pending against Trustee Tolz or Trustee Osborne and their respective counsel.

j.    Trustee Osborne and Trustee Tolz agree to sell to Letterese all assets in the CDI Bankruptcy Estate and the Letterse Bankruptcy Estate, other than the right to payment of the Settlement Funds and the CDI Professional Fees pursuant to this Stipulation, including any and

all rights to litigation claims currently owned by the CDI Bankruptcy Estate and the Letterese Bankruptcy Estate including the right to pursue any such causes of action, except for such claims dismissed with prejudice under this Stipulation (the "Asset Sale"). The Asset Sale shall be accomplished upon notice and hearing pursuant to Section 363(b)(1) of the Bankruptcy Code, and upon approval by the Bankruptcy Court (the "Sale Order").

       k.    The Stipulation further serves to settle all claims held by Trustee Tolz in the CDI Bankruptcy Case and Trustee Osborne in the Letterese Bankruptcy Case against Letterese individually. Specifically, this Stipulation shall settle the MGSI Litigation. Pursuant to the terms of this Stipulation, Trustee Tolz and Trustee Osborne agree to waive all potential objections to the discharge of Letterese in the Letterese Bankruptcy Case pursuant to Section 727 of the Bankruptcy Code upon payment of all Settlement Funds and the CDI Professional Fees due under this Stipulation. The settlement of all claims against Letterese (the "Letterese Settlement") by Trustee Tolz and Trustee Osborne shall be accomplished pursuant to Fed.R.Bankr.P. 9019 on motion of each Trustee in both the CDI Bankruptcy Case and the Letterese Bankruptcy Case with notice to parties as provided in Fed.R.Bankr.P. 2002, and hearing and approval by the Bankruptcy Court (the "Settlement Order").

       l.    Trustee Tolz and Trustee Osborne will waive all potential objections to the discharge of Letterese in the Letterese Bankruptcy Case upon payment of all Settlement Funds and the CDI Professional Fees.

       m.    Upon full payment of the Settlement Funds and the CDI Professional Fees, Trustee Tolz shall dismiss the MGSI Litigation.

       n.    Letterese will have sixty (60) days from the entry of the Sale Order and Settlement Order to file any objections to claims which he deems appropriate.

o.    After resolution of any claim objections, any surplus funds shall be refunded to Letterese.

p.    The Sale Order shall be pursuant to 11 U.S.C. §363 and contain all of the protections therein, including §363(m).

### ASSET SALE PURSUANT TO SECTION 363(b)(1) OF BANKRUPTCY CODE

9.    By way of this Motion, the Trustee's seek the entry of a Sale Order approving the Asset Sale to Letterese pursuant Section 363(b)(1) of the Bankruptcy Code.

10.    The Trustees intend to sell the Assets as expeditiously as possible and consistent with (i) the due process requirements of section 363 of the Bankruptcy Code and (ii) the terms and conditions of the Stipulation.  In consideration of the Asset Sale, Letterese has agreed to pay the CDI Bankruptcy Estate and the Letterese Bankruptcy Estate a total sum of $1,316,269.12, plus the CDI Professional Fees, subject to approval by this Court.  To date the CDI Professional Fees are estimated to be $283,923.07.  Accordingly, Letterese has agreed to pay the CDI Bankruptcy Estate and the Letterese Bankruptcy Estate a sum which may exceed $1,600,192.19 (the "Purchase Price").

### Authority For Relief Requested

11.    The Court is authorized to allow the Sale, as described herein, outside of the ordinary course of the Debtor's business and free and clear of liens.  *See* 11 U.S.C. §§363(b)(1) and (f).  Pursuant to sections 363(f) of the Bankruptcy Code, the Trustees may sell all or a portion of the property of the estate, free and clear of any and all liens, claims, encumbrances, and interests if:

(i)    applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(ii)   each entity holding such a lien, claim or interest consents;

   (iii)   such interest is a lien and the price at which such property is to be sold is
           greater than the aggregate value of all liens of such property;

   (iv)   such interest is in bona fide dispute, or

   (v)    such entity could be compelled, in a legal or equitable proceeding to accept
          a money satisfaction of such interest.

11 U.S.C. § 363(f); Michigan Employment Security Comm'n v. Wolverine Radio Co. (In re

Wolverine Radio Co.), 930 F. 2d 1132, 1147 n.24 (6th Cir. 1991) (section 363(f) is written in the

disjunctive; the court may approve a sale "free and clear" provided at least one of the subsections

is met); In re Levitt & Sons, LLC, 884 B. R. 630, 647 (Bankr. S.D. Fla. 2008) ("Section

363(f)(3) permits the sale of property free and clear of all liens provided one of its 5 sub-sections

is applicable"). Here, section 363(f)(3) has been satisfied such that allowance of the sale free and

clear of liens is appropriate.

        12.     Property of the estate may be sold outside the ordinary course of business

pursuant to section 363(b)(1) of the Bankruptcy Code, which provides— "the trustee, after notice

and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of

the estate."  11 U.S.C. § 363(b)(1); *see also* In re Newlin, 370 B. R. 870, 876 (Bankr. S.D. Ga.

2007) ("Under § 363(b)(1), the Trustee has the power to sell property of the estate out of the

ordinary course of business").

        13.     Transactions should be approved under section 363(b)(1) when: (a) they are

supported by the sound business judgment of the debtor's management; (b) interested parties are

provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d)

the purchaser is acting in good faith.  *See* In re Delaware & Hudson Ry. Co., 124 B. R. 169 (D.

Del. 1991).

        14.     Here, the Trustees respectfully submit that each of the section 363(b)(1)

requirements have been satisfied and allowance of the sale of the Property is appropriate. Furthermore, the Trustees have exercised all of the rights and interests of the Debtor in Penny Plaza pursuant to 11 U.S.C. §363(b)(1) of the Bankruptcy Code to use property of the estate other than in the ordinary course of business. As such, subject to the terms and conditions of the Stipulation, the Trustees, in the sound exercise of their business judgment, have concluded that the sale of the Assets to Letterese presents the best option for maximizing the value of the estate.

15.    The Purchase Price offered by Letterese for all cash in As Is/Where Is condition without any representations and warranties of the Trustees, is currently the highest and best offer for the Assets. In order to ensure the highest possible return for the estate, the Trustees have required that any obligation to proceed under the Stipulation be subject to the receipt of higher and better offers. Accordingly, the Trustees submit that ample business justification exists for the sale of the Assets.

16.    Pursuant to Section 363(f) of the Bankruptcy Code, the Trustees will sell the Assets free and clear of all liens, claims, encumbrances and interests, with all such liens, claims, encumbrances and interests to attach to the sale proceeds.

17.    The Trustees and Letterese have negotiated the Stipulation, and the transactions contemplated thereby, in good faith. The Trustees request that the order contain a finding that the Letterese is a good-faith purchaser entitled to the protections of Section 363(m) of the Bankruptcy Code.

**APPROVAL OF LETTERESE**
**SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019**

18.    The Trustees respectfully request the entry of a Settlement Order approving the Letterese Settlement pursuant to Fed. R. Bankr. P. 9019.

19.    Bankruptcy Rule 9019(a) provides that: "On motion by the trustee and after notice

and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a).

20.     Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court. In re Arrow Air, 85 B. R. 891 (Bankr. S.D. Fla. 1988).  The standards for approval are well settled and require the Court to inquire into the reasonableness of the proposed settlement.  *See*, e.g., Protective Comm. for Indep.  Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir.), *cert. denied, sub nom.,* Cosoff v. Rodman, 464 U.S. 822 (1983); Florida Trailer and Equip. Co. v. Deal, 284 F.2d 567, 571 (5th Cir. 1960).   The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness.  See W.T. Grant Co., 699 F.2d at 608.

21.     In the Eleventh Circuit, the Court must consider the following factors in determining whether to approve the Settlement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. In re Justice Oaks, II, Ltd., 898 F.2d 1544, 1549 (11th Cir.), cert. denied, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).  *See also* In re Martin, 91 F.3d 389 (3rd Cir. 1996); In re Louise's Inc., 211 B.R. 798 (D. Del. 1997).  In evaluating the Settlement, this Court

> need not rest its decision whether to approve a settlement upon a resolution of ultimate factual and legal issues which underlie the disputes that are proposed to be compromised. In re Teltronics Services, Inc., *supra*. In a Fifth Circuit decision which is binding

on this Court, <u>Florida Trailer and Equipment Company v. Deal</u>, 284 F.2d 567, 571 (5th Cir.1960), the Court stated:

Of course, the approval of a proposed settlement does not depend upon establishing as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable. The probable outcome in the event of litigation, the relative advantages and disadvantages are, of course, relevant factors for evaluation. *But the very uncertainties of litigation, as well as the avoidance of wasteful litigation and expense, lay behind the Congressional infusion of a power to compromise. This is a recognition of the policy of the law generally to encourage settlements. This could hardly be achieved if the test on hearing for approval meant establishing success or failure to a certainty. Parties would be hesitant to explore the likelihood of settlement apprehensive as they would then be that the application for approval would necessarily result in a judicial determination that there was no escape from liability or no hope of recovery and hence no basis for a compromise.* Thus, this Court need not resolve each disputed matter in determining the propriety of the settlement, rather, the Court may, and should, make a pragmatic decision on the basis of all equitable factors.

<u>In re Holywell Corp.</u>, 93 B.R. 291 (Bankr. S.D. Fla. 1988) (emphasis in original).

22.    In applying the foregoing factors, the Trustees respectfully submit that the Letterese Settlement falls well within the "range of reasonableness," and satisfies the legal standard set forth in <u>Justice Oaks</u>.   The Trustees believes that the Letterese Settlement is in the best interests of the creditors.  This matter will be noticed to all creditors and the Court can consider their responses, or lack thereof, in making due deference to their wishes.

23.    The Trustees recommend approval of the Letterese Settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the estate because full settlement precludes any risks associated with litigation in this matter, increases the dividend available to creditors and allows for a distribution of sums and proceeds within a reasonable time.  Based upon the foregoing, the Trustees respectfully requests that the Letterese Settlement be approved.

**WHEREFORE,** Trustees, Marika Tolz, Trustee in bankruptcy for Creative Desperation, Inc. and Les S. Osborne, Trustee in bankruptcy for Peter Letterese, respectfully requests that the Court enter an Order (i) granting the Motion; (ii) approving the Stipulation between Trustees and Letterese; and (iii) granting such other and further relief as the Court may deem just and proper.

**Dated this  8th  day of September, 2009.**

**Respectfully Submitted,**

We hereby certify that we are admitted to the Bar of the United States District Court for the Southern District of Florida and we are in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**Les S. Osborne**
*Chapter 7 Trustee for Bankruptcy Estate of*
*Peter Letterese*
1300 N. Federal Hwy, 203
Boca Raton, Florida 33433
Telephone: (561) 368-2200
Facsimile: (561) 338-0350


By:/s/  Les S. Osborne
        Les S. Osborne, Esq.
        Florida Bar No. 823139

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for Trustee Marika Tolz, Bankruptcy*
*Estate of Creative Desperation, Inc.*
Bank of America Tower
100 SE Second Street, 44th Floor
Miami, Florida 33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310


By:/s/  John H. Genovese
        John H. Genovese, Esq.
        Florida Bar No. - 280852
        Barry P. Gruher, Esq.
        Florida Bar No. 960993
        Jesus M. Suarez, Esq.
        Florida Bar No. 60086

```
Label Matrix for local noticing        Bridge Publications, Inc.              Church of Scientology International
113C-0                                  c/o Alan J Perlman                    c/o Alan J Perlman
Case 08-19642-JKO                       350 E. Las Olas Blvd., Suite 1700     350 E. Las Olas Blvd., Suite 1700
Southern District of Florida            Ft. Lauderdale, FL 33301-4217         Ft. Lauderdale, FL 33301-4217
Fort Lauderdale
Tue Jul  7 23:11:39 EDT 2009

Ford Motor Credit Company LLC           Schwartz Dental Practice              ASSET ACCEPTANCE LLC
c/o Kenneth M Jones                     c/o Simeon D Brier                    P O BOX 2036
1333 South University Dr #201           1 N Clematis St #400                  WARREN MI 48090-2036
Plantation, FL 33324-4001               W Palm Beach, FL 33401-5552


Arnstein & Lehr PA                      Arnstein & Lehr, LLP                  Bridge Publications, Inc.
c/o Haleel Crozier & Hanna PA           Attn: Lynn P. Bennett                 c/o Alan J. Perlman
555 No Congress Avenue Suite 301        120 South Riverside Plaza             Adorno & Yoss LLP
Boynton Beach Fl 33426-3469             Suite 1200                            350 E. Las Olas Blvd., Suite 1700
                                        Chicago, Illinois 60606-3910         Ft. Lauderdale, FL 33301-4217


Church of Scientology International      Church of Scientology Intn'l/Bridge Pub    Creatiive Desperation Inc
c/o Alan J. Perlman                     c/o Alan J. Perlman                   4581 Weston Road
Adorno & Yoss LLP                       Adorno & Yoss LLP                     305
350 E. Las Olas Blvd., Suite 1700       350 E. Las Olas Blvd., Suite 1700     Weston  Fl 33331-3141
Ft. Lauderdale, FL 33301-4217           Ft. Lauderdale, FL 33301-4217


David Garfinkel                         Dr. Douglas Ness and Ness Dental Practice   Dr. Scott Brody
GWP Partners LLC                        1400 West benson Blvd #150            1025 S. Perrt St Suite 105
18851 NE 29th Avenue Suite 510          Anchorage Alaska 99503-3688          Castle Rock CO 80104-3365
Aventura Fl 33180-2825


Dr., Marc Schwartz                      Edwards Angell                       Ford Motor Credit
1600 El Camino Real Suite A             One North Clematis Street #400        POB105697
Belmont CA 94002-3929                   West Palm Beach Fl 33401-5517         Atlanta GA 30330-0001


Ford Motor Credit Company LLC           Ford Motor Credit Company LLC        Gallert Dreyer & Berkey LLP
Dept 55953                              Drawer 55-953                        845 Third Avenue  8th Fl
PO Box 55000                            PO Box 55000                         New York NY 10022-6601
Detroit MI 48255-0001                   Detroit MI 48255-0001


INTERNAL REVENUE SERVICE                Internal Revenue                     Jefferson Capital Systems LLC
7850 SW 6TH COURT                       Atlanta GA 30303                     PO BOX 7999
STOP 5730                                                                    SAINT CLOUD MN 56302-7999
PLANTATION, FL 33324-3210


MGSI                                    Marika Tolz, Chapter 7 Trustee       Office of the US Trustee
4581 Weston Road 306                    c/o John H. Genovese, Esq.           51 S.W. 1st Ave.
Weston Fl 33331-3141                    Genovese Joblove & Battista, PA      Suite 1204
                                        100 SE Second Street, 44th Floor     Miami, FL 33130-1614
                                        Miami, FL 33131-2100


RJM Acquisitions LLC                    Simeon Brier, Edwards Angell         Charles D Franken PA
575 Underhill Blvd #224                 One North Clematis St                Charles Franken
Syosset NY 11791-3416                   #400                                 8181 W Broward Blvd #360
                                        West Palm Beach                      Plantation, FL 33324-2049
                                        Fl 33401-5517
```

Douglas G Ness
c/o Simeon D Brier
1 N Clematis St #400
W Palm Beach, FL 33401-5552

L. Scott Brody
c/o Simeon D Brier
1 N Clematis St #400
W Palm Beach, FL 33401-5552

Leslie S Osborne
1300 N. Federal Hwy #203
Boca Raton, FL 33432-2848

Marika Tolz
c/o John H. Genovese
100 S E Second St  44 Fl
Miami, FL 33131

Mark A. Schwartz
c/o Simeon D Brier
1 N Clematis St #400
West Palm Beach, FL 33401-5552

Peter D Letterese
14581 Old Sheridan Street
Southwest  Ranches, Fl 33330-3523

Sherri B. Simpson Esq.
33 NE 2 St #101
Fort Lauderdale, FL 33301-1036

End of Label Matrix
Mailable recipients    36
Bypassed recipients     0
Total                  36

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:                                                    CASE NO. 08-19067-BKC-JKO

CREATIVE DESPERATIONS, INC.,                              CHAPTER 7
a/k/a PETER LETTERESE & ASSOCIATES

    Debtor.

_____/


In re:                                                    CASE NO. 08-19642-BKC-JKO

PETER D. LETTERESE,                                       CHAPTER 7

    Debtor.

_____/

### STIPULATION FOR (I) PURCHASE AND SALE OF ESTATE ASSETS PURSUANT TO 11 U.S.C. §363(b)(1); (II) COMPROMISE OF CONTROVERSY PURSUANT TO FED. R. BANKR. P. 9019; AND (III) DISCHARGE OF DEBTOR PURSUANT TO 11 U.S.C. §727

Les S. Osborne, Trustee in bankruptcy for Peter Letterese, Marika Tolz, Trustee in bankruptcy for Creative Desperation, Inc., Peter Letterese, Debtor in the above styled case, and, (collectively "The Parties"), by and through respective counsel, and hereby enter into this Stipulation for (I) Purchase And Sale of Estate Assets Pursuant to 11 U.S.C. §363(b)(1); (II) Compromise of Controversy Pursuant to Fed. R. Bankr. P. 9019; and (III) Discharge of Debtor pursuant to 11 U.S.C. §727 (the "Stipulation") and state, as follows:

### RECITALS

1.    On June 30, 2008, Creative Desperation, Inc. a/k/a Peter Letterese & Associates, Inc. ("CDI") filed a voluntary petition for relief (the "CDI Bankruptcy Case") under Chapter 11 of Title 11 the United States Code (the "Bankruptcy Code").

Exhibit "A"

2.      On September 9, 2008, an order granting a Motion to Convert Case to Chapter 7 was entered by the Bankruptcy Court in the CDI Bankruptcy Case.  Marika Tolz ("Trustee Tolz") is the duly appointed and acting Trustee in the CDI Bankruptcy Case (the "CDI Bankruptcy Estate").

3.      On July 12, 2008, the Debtor, Peter Letterese ("Letterese"), filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Letterese Bankruptcy Case").

4.      By order dated December 2, 2008, the Letterese Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code.  Les Osborne ("Trustee Osborne") is the duly appointed and acting Trustee in the Letterese Bankruptcy Case (the "Letterese Bankruptcy Estate").[1]

5.      The claims bar date in the CDI Bankruptcy Case was January 12, 2009. Proofs of claim in the approximate sum of $3 million have been filed against the CDI Bankruptcy Estate (the "CDI Claims").

6.      The claims bar date in the Letterese Bankruptcy Case was June 2, 2009.  Proofs of claim in approximate sum of $1.9 million, excluding the claim of $2.5 million filed by Trustee Tolz on behalf the of CDI estate (the "Tolz Claim"), have been filed against the Letterese Bankruptcy Estate.  Except for the Tolz Claim, the majority of claims by amount in the Letterese Bankruptcy Case, are identical to those in the CDI Bankruptcy Case.

7.      On June 22, 2009, Trustee Tolz filed an adversary complaint for declaratory relief, for temporary and permanent injunctive relief, for avoidance of transfers of estate property, and for Damages, in a cause styled *Tolz v. MGSI, Inc. a/k/a MGSI-Karas, Thomas John Karas, Barbara Fawcett f/k/a Barbara Letterese, Ramona Letterese, Charles D. Franken, and Charles D. Franken, P.A.* (Adv. Pro. No. 09-01649-BKC-JKO-A) (the "MGSI Litigation").

**NOW, THEREFORE**, in light of the foregoing, and in consideration of the mutual

---

[1] Trustee Osborne and Trustee Tolz shall at times collectively be referred to as the "Trustees."

promises and covenants of the parties contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.    **Recitals Incorporated.**    Recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Agreement.

2.    **Settlement.**    Based upon the pre-petition claims, administrative claims and assets available for distribution to creditors in the CDI Bankruptcy Case and the Letterese Bankruptcy Case, the Parties have negotiated and agreed to enter into the following Stipulation:

a.    Letterese shall pay the sum of One Million Three Hundred Sixteen Thousand Two Hundred Sixty Nine Dollars and Twelve Cents ($1,316,269.12) to Trustee Osborne, which funds shall be applied for the benefit of the CDI Bankruptcy Estate and Letterese Bankruptcy Estates as set forth in this Stipulation (the "Settlement Amount").

b.    The Settlement Amount will be paid in two installments consisting, as follows: (i) the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars within five (5) days of the entry of the Settlement Order and Sale Order, as defined below, approving the Stipulation (the "First Payment"), which shall be no earlier than September 25, 2009; and (ii) the balance of One Million and Sixty Six Thousand Two Hundred Sixty Nine Dollars and Twelve Cents ($1,066,269.12) shall be paid within ninety (90) days thereafter (the "Second Payment"). If the First Payment is not made timely, this Stipulation will be deemed null and void at the option of the Trustees. If the Second Payment is not made timely, the First Payment shall be deemed forfeited as liquidated damages. The remaining terms of this Stipulation may be then be deemed null and void at the option of the Trustees.

c.    The Settlement Amount shall be divided equally between and among the CDI

Bankruptcy Estate and the Letterese Bankruptcy Estate for the benefit of each respective estate.

      d.    In addition to payment of the Settlement Funds, Letterese agrees to pay the reasonable attorneys' fees and costs of counsel for Trustee Tolz, Genovese Joblove & Battista, P.A. ("GJB"), incurred in the CDI Bankruptcy Case.  The Parties acknowledge that, to date, GJB has incurred professional fees and costs in the sum of Two Hundred Eighty Three Thousand Nine Hundred Twenty Three Dollars and Seven Cents ($283,923.07) (the "CDI Professional Fees"). Within thirty (30) days of Letterese paying the First Payment, GJB will submit a fee application to the Bankruptcy Court for the CDI Professional Fees (the "GJB Fee Application").  Letterese shall have an opportunity to object to any portion of the GJB Fee Application on any basis recognized by the Bankruptcy Code.  Thereafter, Letterese shall pay to the CDI Bankruptcy Estate the CDI Professional Fees, as approved by the Bankruptcy Court, pursuant to the GJB Fee Application. While Letterese shall have no obligation to fund legal fees except as described above, the CDI Professional Fees do not include any professional fees and costs incurred by GJB in connection with the prosecution of the MGSI Litigation.  The payment of the CDI Professional Fees by Letterese shall be without prejudice to GJB seeking a separate application of fees from the Bankruptcy Court pursuant to the Court's Order Order Granting Motion for Modification of Order Approving Chapter 7 Trustee's Application for Employment of Attorney to Provide for Certain Contingency Fee Compensation [Case No. 08-19067, C.P. 244].  The CDI Professional Fees shall also be deemed forfeited as liquidated damages if the Second Payment is not timely made.

      e.    Upon approval of this Settlement as set forth herein, and upon payment of the settlement funds, any and all claims or lawsuits pending by either Debtor against either Trustee or their counsel, including without limitation, District Court Case No.: 08-cv-61109 Zloch / Snow, shall be dismissed with prejudice by Trustee Tolz and Trustee Osborne, as to the following entities

4

only: Barry Gruher, John Genovese, Genovese Joblove & Battista, P.A., Marika Tolz, The Honorable John K. Olson, United States Bankruptcy Judge. Letterese further agrees to waive any claim not currently pending against Trustee Tolz or Trustee Osborne and their respective counsel.

      f.     Trustee Osborne and Trustee Tolz agree to sell to Letterese all assets in the CDI Bankruptcy Estate and the Letterse Bankruptcy Estate, other than the right to payment of the Settlement Funds and the CDI Professional Fees pursuant to this Stipulation, including any and all rights to litigation claims currently owned by the CDI Bankruptcy Estate and the Letterese Bankruptcy Estate including the right to pursue any such causes of action, except for such claims dismissed with prejudice under this Stipulation (the "Asset Sale"). The Asset Sale shall be accomplished upon notice and hearing pursuant to Section 363(b)(1) of the Bankruptcy Code, and upon approval by the Bankruptcy Court (the "Sale Order").

      g.     This Stipulation shall further serve to settle all claims held by Trustee Tolz in the CDI Bankruptcy Case and Trustee Osborne in the Letterese Bankruptcy Case against Letterese individually. Specifically, this Stipulation shall settle the MGSI Litigation. Pursuant to the terms of this Stipulation, Trustee Tolz and Trustee Osborne agree to waive all potential objections to the discharge of Letterese in the Letterese Bankruptcy Case pursuant to Section 727 of the Bankruptcy Code upon payment of all Settlement Funds and the CDI Professional Fees due under this Stipulation. The settlement of all claims against Letterese (the "Letterese Settlement") by Trustee Tolz and Trustee Osborne shall be accomplished pursuant to Fed.R.Bankr.P. 9019 on motion of each Trustee in both the CDI Bankruptcy Case and the Letterese Bankruptcy Case with notice to parties as provided in Fed.R.Bankr.P. 2002, and hearing and approval by the Bankruptcy Court (the "Settlement Order").

      h.     In the event of an appeal of the Sale Order or the Settlement Order, during

which time the performance hereunder by the Parties is stayed, the First Payment and shall be held in trust by Trustee Osborne pending such appeal, in an trust account bearing the highest interest rate permissible by law for a trust a account. The pursuit of all legal claims which are the subject of this Stipulation shall be abated during the pendency of any such appeal.

    i.  Upon full payment of the Settlement Funds and the CDI Professional Fees, as set forth herein, Trustee Tolz shall dismiss the MGSI Litigation. The MGSI Action will be stayed upon execution of this Stipulation pending dismissal of the action.

    j.  Letterese shall have sixty (60) days from the entry of the Sale Order and Settlement Order to file any objections to claims which he deems appropriate. To the extent that, after resolution of such claim objections, there is a surplus of funds, they shall be refunded to Letterese.

    k.  The Trustees in each case will likewise use their best effort to object to whatever claims they deem appropriate on an expedited basis. The CDI Claim in the Letterese Bankruptcy Case will be stricken and disallowed in the Letterese Bankruptcy Case.

   3.  **Conditions Precedent.** The Parties agree that the enforceability of this Stipulation, except for the requirement that Letterese deposit with Trustee Osborne the First Payment and the CDI Professional Fees (upon a final Order approving the GJB Fee Application), is subject to the Bankruptcy Court entering (i) the Sale Order in the CDI Bankruptcy Case and the Letterese Bankruptcy Case approving the Asset Sale pursuant to Section 363(b)(1) of the Bankruptcy Code; (ii) the Settlement Order in the CDI Bankruptcy Case and the Letterese Bankruptcy Case approving the Letterese Settlement pursuant to Fed. R. Bankr. P. 9019 ("Settlement Order"); and if applicable, (iii) the entry of an Order on appeal affirming the Sale Order and Settlement Order, if such Orders were stayed during the pendency of such appeals. In the event of the reversal of the Sale Order or

6

Settlement Order on appeal, the First Payment and CDI Professional Fees shall be refunded to Letterese.

4.   **Frustration of Purpose.**  None of the Parties shall take any action to intentionally frustrate the purposes of this Stipulation.

5.   **Non-Approval.**  In the event that this Stipulation is not approved by the Bankruptcy Court, nothing herein shall be deemed a representation or admission by any Party as to any issue, and this Stipulation will be deemed null and void, including the validity of any and all instruments executed by any of the Parties for its performance and implementation prior to its approval.

6.   **Notices.**  All notices to be sent or information to be provided under this Stipulation shall be sent to the following:

a.   For Trustee Tolz:    John H. Genovese, Esq.
Email: jgenovese@gjb-law.com
Barry P. Gruher, Esq.
Email: bgruher@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Tel: (305) 349-2304
Fax: (305) 349-2310

*Counsel for Trustee Tolz,*
*CDI Bankruptcy Estate*

b.   For Trustee Osborne:  Les Osborne, Esq.
E-Mail: les@kennethrappaportlawoffice.com
Rappaport Osborne and Rappaport,PL
1300 N. Federal Hwy, Suite 300
Boca Raton, Fl 33432
Tel: (561) 368-2200 x108

*Counsel for Trustee Osborne,*
*Letterese Bankruptcy Estate*

c.   For Debtor Peter Letterese:

7

Sherri B. Simpson, Esq..
33 NE 2 St #101
Fort Lauderdale, FL 33301

7.    **Best Efforts.**  The Parties and their counsel shall use their best efforts to cause the Bankruptcy Court to approve this Stipulation and to effectuate the settlement of the stated terms and conditions set forth herein.

8.    **Binding Effect.** This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

9.    **Entire Agreement.**  This Stipulation constitutes the entire agreement of the Parties hereto as to the subject matter hereof.  The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this Stipulation, and that all prior agreements or understandings within the scope of the subject matter of this Stipulation are, upon the execution and delivery of this Stipulation, superseded, null and void.

10.    **Amendments.**  No waiver, modification or amendment of the terms of this Stipulation shall be valid or binding unless made in writing, signed by the party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

11.    **Counter-Parts.**  The parties may execute this Stipulation in whole or counterparts, and execution of counterparts shall have the same force and effect as if the parties had signed the same instrument.  Signatures transmitted by facsimile shall have the same effect as original signatures.

12.    **Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the parties, subject matter, interpretation, effectuation, and enforcement of the terms of this Stipulation.

13.    **Choice of Law.**  This Stipulation shall be governed by, and construed and enforced in accordance with the laws of the State of Florida, without regard to its conflict of law principles.

14.    **Neutral Interpretation**.  In the event any dispute arises among the Parties with regard to the interpretation of any term of this Stipulation, or any agreement attached hereto, all of the parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

15.    **Authority**.  Each Party to this Stipulation warrants and represents that the person signing this Stipulation on its behalf is duly authorized to enter into this Stipulation on behalf of such Party.  Each Party signing this Stipulation separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement and shall survive execution of this Stipulation.

16.    **Illegality.**  If any clause, provision, or paragraph of this Stipulation shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability shall not affect any other clause, provision, or paragraph of this Stipulation, and this Stipulation shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein.

17.    **Advice of Counsel.**  The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Stipulation and that they have read this Stipulation and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party has had it fully explained to them by their counsel and understands the terms and provisions of this Stipulation and its nature and effect.  Each Party further represents that they are entering into this Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

18.    __Acknowledgement__. This Stipulation was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Stipulation is in the best interests of the Parties.

19.    __Divisions and Headings__. The divisions of this Stipulation into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Stipulation.

Dated: August 31st, 2009.

By: _____
Les S. Osborne, Trustee
Bankruptcy Estate of Peter Letterese
1300 N, Federal Highway, #203
Boca Raton, Florida 33432

By: _____
Marika Tolz, Trustee
Bankruptcy Estate of Creative
Desperation Inc.
1804 Sherman Street
Hollywood, Florida 33020

By: _____
Sherri B. Simpson, Esq.
Counsel for the Debtor, Peter Letterese
33 NE 2 St #101
Fort Lauderdale, FL 33301

By: _____
John H Genovese, Esq
Counsel to Trustee Tolz
100 SE 2 St 44 Fl
Miami, FL 33131

By: _____
Peter Letterese, Debtor
31 August 2009 2:45pm

By: _____
Barry P Gruher
Counsel to Trustee Tolz
200 E Broward Blvd # 1110
Ft Lauderdale, FL 33301

10

**PROPOSED**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

CASE NO. 08-19642-BKC-JKO

PETER D. LETTERESE,

CHAPTER 7

     Debtor.

_____/

-And-

In re:

CASE NO. 08-19067-BKC-JKO

CREATIVE DESPERATIONS, INC.,
a/k/a PETER LETTERESE & ASSOCIATES

CHAPTER 7

     Debtor.

_____/

**ORDER APPROVING TRUSTEE'S JOINT MOTION TO APPROVE STIPULATION**
**FOR (I) PURCHASE AND SALE OF ESTATE ASSETS PURSUANT TO**
**11 U.S.C. §363(b)(1); (II) COMPROMISE OF CONTROVERSY PURSUANT**
**TO FED. R. BANKR. P. 9019; AND (III) DISCHARGE OF DEBTOR**
**PURSUANT TO  11 U.S.C. §727**

THIS MATTER came before the court on Les S. Osborne, Trustee's Motion To Approve

Stipulation For (I) Purchase And Sale Of Estate Assets Pursuant to 11 U.S.C. §363( B)(1); (II)

Compromise Of Controversy Pursuant To Fed. R. Bankr. P. 9019; And (III) Discharge Of Debtor Pursuant To 11 U.S.C. §727 (the "Motion") and the court having reviewed the Motion and being advised in the premises, it is hereby

**ORDERED AND AJUDGED** as follows:

1.      Letterese shall pay the sum of One Million Three Hundred Sixteen Thousand Two Hundred Sixty Nine Dollars and Twelve Cents ($1,316,269.12) as follows:  (i) the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars within five (5) days of the entry of this Order but no earlier than September 25, 2009; (ii) the balance of One Million and Sixty Six Thousand Two Hundred Sixty Nine Dollars and Twelve Cents ($1,066,269.12) within ninety (90) days thereafter.

2.      If the first payment is not made timely, the Stipulation will be deemed null and void at the option of the Trustees.

3.      If the second payment is not made timely, the first payment shall be deemed forfeited as liquidated damages.

4.      The Settlement Amount shall be divided equally between and among the CDI Bankruptcy Estate and the Letterese Bankruptcy Estate.

5.      Letterese agrees to pay the reasonable attorneys' fees and costs of counsel for Trustee Tolz, Genovese Joblove 7 Battista, P.A. ("GJB").  The Parties Acknowledge that, to date, GJB has incurred professional fees and costs in the sum of Two Hundred Eighty Three thousand Nine Hundred Twenty Three Dollars and Seven Cents ($283,923.07).

6.      Within thirty (30) days of Letterese payinig the first payment, GJB will submit a fee application to the Bankruptcy Court for the CDI Professional Fees.  Letterese shall have an opportunity to object to any portion of the GJB Fee Application on any basis recognized by the Bankruptcy Code.

Exhibit "B"
2

7.    The payment of the CDI Professional Fees by Letterese shall be without prejudice to GJB seeking a separate application of fees from the Bankruptcy Court for fees and costs incurred by GJB in connection with the prosecution of the MGSI Litigation.

8.    Upon entry of this Order and upon payment of the settlements funds, any and all claims or lawsuits pending by either Debtor against either Trustee or their counsel, including without limitation, District Court Case No.: 08-cv-61109 Zlock / Snow, shall be dismissed with prejudice by Trustee Tolz and Trustee Osborne as to the following entities only: Barry Gruher, John Genovese, Genovese Joblove & Battista, P.A., Marika Tolz, The Honorable John K. Olson, U.S. Bankruptcy Judge.   Letterese further agrees to waive any claim not currently pending against Trustee Tolz or Trustee Osborne and their respective counsel.

9.    Trustee Osborne and Trustee Tolz agree to sell to Letterese all assets in the CDI Bankruptcy Estate and the Letterese Bankruptcy Estate, other than the right to payment of the Settlement Funds and the CDI Professional Fees, including any and all rights to litigation claims currently owned by the CDI Bankruptcy Estate and the Letterese Bankruptcy Estate, including the right to pursue any such causes of action, except for such claims dismissed without prejudice.

10.    The Stipulation shall serve to settle all claims held by Trustee Tolz in the CDI Bankruptcy Case and Trustee Osborne in the Letterese Bankruptcy Case against Letterese individually.  Specifically, the Stipulation shall settle the MGSI Litigation.

11.    Trustee Tolz and Trustee Osborne will waive all potential objections to the discharge of Letterese in the Letterese Bankruptcy Case upon payment of all Settlement Funds and the CDI Professional Fees.

12.    Upon full payment of the Settlement Funds and the CDI Professional Fees, Trustee Tolz shall dismiss the MGSI Litigation.

Exhibit "B"
3

13.     Letterese will have sixty (60) days from the entry of the Sale Order and Settlement Order to file any objections to claims which he deems appropriate.

14.     After resolution of any claim objections, any surplus funds shall be refunded to Letterese.

15.     The Sale Order shall be pursuant to 11 U.S.C. §363 and contain all of the protections therein, including §363(m).

16.     The Court incorporates all of the terms of the Stipulation in this Order and retains jurisdiction to enforce the terms of the Stipulation for (I) Purchase and Sale of Estate Assets Pursuant to 11 U.S.C. §363( B)(1); (II) Compromise of Controversy Pursuant to Fed. R. Bankr. P. 9019; and (III) Discharge of Debtor Pursuant to 11 U.S.C. §727.

17.     The Asset Sale to Letterese pursuant Section 363(b)(1) of the Bankruptcy Code is hereby **APPROVED** pursuant to 11 U.S.C. §§363(b)(1) and (f) of the Bankruptcy Code.

18.     The Trustees will sell the Assets free and clear of all liens, claims, encumbrances and interests, with all such liens, claims, encumbrances and interests to attach to the sale proceeds.

19.     The Sale shall be subject to the receipt of higher and better offers.

# # #


Submitted by:

Les S. Osborne, Trustee
1300 N. Federal Hwy, 203
Boca Raton, Florida 33433
Telephone: (561) 368-2200
Facsimile: (561) 338-0350
Email: les@kennethrappaportlawoffice.com

Trustee Osborne will provide a copy of this order to all interested parties and file a certificate of service with the court.

Exhibit "B"
4