UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:     CASE NO. 08-19642-BKC-JKO

     CHAPTER 7

PETER D. LETTERESE,

      Debtor.
_____/

**THIRD MOTION BY MARIKA TOLZ, CHAPTER 7 TRUSTEE FOR CREATIVE DESPERATIONS, INC. FOR EXTENSION OF TIME TO FILE COMPLAINT OBJECTING TO DISCHARGE AND/OR DISCHARGEABILIY OF DEBTS OF DEBTOR PURSUANT TO 11 U.S.C. §523 AND §727**

**MARIKA TOLZ** as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Creative Desperation, Inc. a/k/a Peter Letterese & Associates ("CDI"), a creditor in the above styled bankruptcy proceeding, by and through counsel, and pursuant to 11 U.S.C. §523 and §727, *et. seq.*, Rule 4004(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 9013-1(C)(6), files this Third Motion By Creditor Marika Tolz (the "Trustee"), Chapter 7 Trustee For Creative Desperation, Inc. For Extension Of Time To File Complaint Objecting To Discharge And/Or Dischargeability of Debts of Debtor Pursuant To 11 U.S.C. §523 and §727 of the Bankruptcy Code (the "Motion") and as grounds in support of the Motion states, as follows:

A.     **PROCEDURAL BACKGROUND.**

1.     On July 12, 2008 ("Petition Date") the Debtor, Peter Letterese ("Debtor" or "Letterese") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. [CP #1].

2.     On December 2, 2008, the Court entered an Order Denying Voluntary Dismissal and Granting Motion to Convert Case to a Case Under Chapter 7 ("Order Converting Case") [CP #64].

3.     Pursuant to the Order Converting Case, the current deadline within which to file a complaint objecting to the Debtor's discharge and/or dischargeability of debts under 11 U.S.C. §523 and §727 of the Bankruptcy Code was March 6, 2009.

4.     On March 4, 2009, Creditor filed the Motion by Marika Tolz, Chapter 7 Trustee for Creative Desperations, Inc. for Extension of Time to File Complaint Objecting to Discharge

and/or Dischargeablity of Debts of Debtor Pursuant to 11 U.S.C. §523 and §727 (the "First Motion for Extension") [CP #141].  On March 20, 2009, the Court entered the Order Granting the First Motion for Extension.  [CP #155].

5. Further, On August 26, 2009, the Court entered the Order Granting Second Motion by Marika Tolz, Chapter 7 Trustee for Creative Desperation, Inc. for Extension of Time to File Complaint Objecting to Discharge and/or Dischargeablilty of Debts of Debtor Pursuant to 11 U.S.C. §523 and §727 [CP #179] (the "Second Extension Order").  Pursuant to the Second Extension Order, the deadline for the Trustee to file a Complaint objecting to the discharge and/or dischargeability of debts of the Debtor under 11 U.S.C. §523 and §727 is October 4, 2009.  Accordingly, this Motion is timely filed.

**B.**     **ARGUMENT**

6. The Trustee is the duly appointed and acting Chapter 7 Trustee in the related bankruptcy case of *In re Creative Desperation, Inc. a/k/a Peter Letterese & Associates*, Case No. 08-19067-JKO ("Creative Bankruptcy Case"), which is pending before this Court. Significantly, CDI was owned and/or controlled by the Debtor for many years prior the Petition Date.

7. Pursuant to Rule 9006(b)(3) of the Federal Rules of Bankruptcy Procedure, this Court can "enlarge the time for taking action under Rules … 4004(b) … only to the extent and under the conditions stated in those rules." Fed. R. Bankr. P. 9006(b)(3).  Additionally, this Court has discretion to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  See 11 U.S.C. § 105(a).

8. The Trustee has continued to investigate and analyze the status numerous lawsuits and claims filed by and against CDI and the Debtor in various federal, state and appellate court proceedings in connection with the Creative Bankruptcy Case.

9. During the administration of the CDI estate, the Trustee has expended significant time and resources in preserving the status quo with respect to the litigation claims and other assets of CDI in the Creative Bankruptcy Case. However, the Debtor, his former counsel, Charles D. Franken, Esq. and other related non-debtor entities such as MGSI, Inc., have either directly or indirectly attempted to thwart the Trustee's efforts to administer these assets and otherwise carry out the Trustee's statutory duties.

10. In fact, the Trustee filed an adversary complaint against MGSI and others, seeking to avoid and recover certain fraudulent and post-petition transfers for the benefit of the CDI

estate, which were allegedly directed and orchestrated by the Debtor.

11. Moreover, since the entry of the Second Extension Order, the Trustee has been engaged in the process of negotiating a settlement with the Debtor, in conjunction with Les Osborne, the Chapter 7 Trustee of the Debtor's estate ("Trustee Osborne"), with respect to the purchase of litigation claims owned by CDI estate and a global resolution of the CDI estate's claims against the Debtor.

12. In deed, on September 8, 2009, the Trustee, together with Trustee Osborne, filed a Joint Motion To Approve Stipulation For (I) Purchase And Sale of Estate Assets Pursuant to 11 U.S.C. §363( B)(1); (II) Compromise of Controversy Pursuant To Fed. R. Bankr. P. 9019; and (III) Discharge of Debtor Pursuant To 11 U.S.C. §727 (the "Global Stipulation").  [Creative Bankruptcy Case, CP # 304]  If approved, the Global Stipulation will likely resolve the CDI estate's claims against the Debtor's estate and the Debtor, including any potential objection to discharge or dischargeability pursuant to 11 U.S.C. §523 and §727.

13. Accordingly, the Trustee respectfully requests an extension of time to object to the discharge and/or dischargeability of debts of the Debtor in order to allow the Court to consider the Global Stipulation, and to preserve the Trustee's rights to object to the discharge of the Debtor and / or the dischargeability of the Debtor's debts in the event that (i) the Global Stipulation is not approved by the Court; or (ii) if the Global Stipulation is approved by the Court, but the Debtor fails to perform his obligations pursuant thereto.

14. For the reasons stated above, the Trustee respectfully requests an additional ninety (60) day extension of time, up through and including December 3, 2009 within which to file a complaint objecting to the Debtor's discharge and/or dischargeability of debts under 11 U.S.C. §523 and §727, *et. seq*. of the Bankruptcy Code.

15. This is the Trustee's third request for an extension of time to object to the discharge and/or dischargeability of debts of the Debtor and no party would be prejudiced by the relief requested in this Motion.  This Motion is not filed for purposes of delay or for any improper purpose.

16. Undersigned counsel has requested agreement from Debtor's counsel with respect to the relief requested herein.

C.    **RELIEF REQUESTED.**

**WHEREFORE**, the Trustee respectfully requests the Court to enter an Order (i) granting the Motion; (ii) extending the deadline within which the Trustee may file a complaint objecting to the Debtor's discharge and/or dischargeability of debts under 11 U.S.C. §523 and §727, *et. seq*. of the Bankruptcy Code for sixty (60) days from the deadline to object to discharge, up through and including, December 3, 2009; and (iii) for such further relief as the Court deems just and proper.

**Respectfully submitted this 4th day of October, 2009.**

        **GENOVESE JOBLOVE & BATTISTA, P.A.**
        National City Center
        200 East Broward Boulevard, Suite 1110
        Fort Lauderdale, FL 33301
        (954)453-8000 Telephone
        (954)453-8010 Facsimile

        /s/ Jesus M. Suarez_____
        Barry P. Gruher, Esq.
        Florida Bar No. 960993
        bgruher@gjb-law.com
        Jesus M. Suarez, Esq.
        Florida Bar No. 60086
        jsuarez@gjb-law.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that a true copy of the foregoing was served via Notice of Electronic Filing to all parties registered to receive electronic notice on this 4th day of October, 2009.

        /s/ Jesus M. Suarez_____
        Jesus M. Suarez, Esq.